# Griffin *et al.* *v.* Hall & Farley, Trustees.

## *Statutory Action of Ejectment.*

1. *Unrecorded deed; statutory protection to purchaser and judgment creditor without notice.*—Under the provisions of the statute, an unrecorded deed is inoperative and void as against purchasers and judgment creditors without notice, (Code of 1886, §§ 1810-11); and though possession acquired and held under an unrecorded deed is sufficient to charge the creditor or purchaser with notice when there is an actual change of possession, it is not enough that the tenant in possession at the time of the execution of the deed agrees to hold under the grantee therein; and the fact that such tenant subsequently surrenders the possession, and the property remains unoccupied until another tenant takes possession under the grantee in such unrecorded deed, is not sufficient to give the judgment creditor notice of the change of ownership.

APPEAL from the Circuit Court of Pike. Tried before the Hon. J. W. FOSTER.

This was a statutory action of ejectment, brought by the appellees, Hall & Farley, as trustees, against G. A. Griffin and G. W. Connor, for the recovery of certain land specifically described in the complaint.

The plaintiffs claimed as purchasers at a sale under an execution, which had been issued under a judgment recovered by them against one Foreman. The defendant, Griffin, claimed as purchaser from said Foreman before the recovery of the judgment. The other facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court gave the general affirmative charge in favor of the plaintiffs, and refused the general affirmative charge requested by the defendants. To each of these rulings the defendants separately excepted.

There were verdict and judgment for the plaintiffs. The defendants appeal, and assign as error the giving of the charge requested by the plaintiffs, and the refusal of the charge requested by the defendants.

M. N. CARLISLE and E. P. MORRISSETT, for appellants. The plaintiffs had notice of the conveyance to the defendants, and are, therefore, not entitled to maintain the present suit.—Code of 1886, § 1810, and authorities there cited; *Pepper v. George,* 51 Ala. 190.

R. L. HARMON, *contra.*—It is clear that defendant Griffin's deed is void as to plaintiffs, under section 1810 of the Code of 1886.—*Griffin v. Hall,* 111 Ala. 601; *Bynum v. Gold,* 106 Ala. 427; *Winston v. Hodges,* 102 Ala. 304; *Steiner Bros. v. Clisby,* 95 Ala. 91; *McCarthy v. Nicrosi,* 72 Ala. 332.

Possession to constitute notice must be of such open, notorious character as will show a use of the property for such uses as it is suited.—Wade on Notice, § 296; *Claiborne v. Holmes,* 51 Miss. 146; 16 Amer. & Eng. Encyc. of Law, 802; *Price v. Bell,* 91 Ala. 180; *Pique v. Arendale,* 71 Ala. 91.

HARALSON, J.—The appellees recovered judgment against H. Foreman in Pike circuit court, on the 2d November, 1893, for $2,006. The lot of land in the

[Griffin et al. v. Hall & Farley, Trustees.]

complaint described was levied on by execution on this judgment, and sold on the 21st October, 1895. The plaintiffs became the purchasers and received the sheriff's deed. It was admitted on the trial, "that executions had been regularly issued on the judgment since its rendition to the sale, under which the plaintiffs claim, there being no lapse of an entire term between the issuance of the several executions." On March 6th, 1893, nearly seven months before the judgment was rendered in favor of plaintiffs below, H. Foreman executed a deed to the appellant, Griffin, defendant below, to the lot in suit, which deed was never recorded. At that time, one Fillingin was in possession of the lot as the tenant of said Foreman, and remained in possession, until the 1st day of September, 1893, paying rents to Griffin, from the date of his purchase from Foreman. On September 1st, 1893, Fillingin quit the possession, locked the door, and turned the key over to Griffin, and the building remained closed up and vacant for about twelve months, when the appellant, Connor, went into possession as Griffin's tenant.

On this state of facts, the deed under which Griffin claims, never having been recorded, is void as to the appellees, as judgment creditors, unless it be held, that they had knowledge in fact, or constructively, of the execution of said deed, before the recovery of their judgment.—Code of 1886, § 1810; *Griffin v. Hall*, 111 Ala. 601; *Millikin v. Faulk*, 111 Ala. 658.

The facts in this case are the same as in the case between the same parties referred to above (111 Ala. 601), except that the lot in that case had been sold, as this one was, under execution on plaintiffs' said judgment, the plaintiffs becoming purchasers in both instances, and one Logan, instead of Fillingin, was the tenant of Foreman, at the date of the sale of the latter, with the one here involved, to Griffin, on March 6, 1893. Logan continued thereafter, as the tenant of Griffin until the purchase of that lot at execution sale by the plaintiffs on the 24th March, 1894. There as here, there was no pretense that plaintiffs had any knowledge or notice in fact of the deed from Foreman to Griffin; and we held, that on the facts stated, they had no constructive notice of it. The evidence to show constructive notice was the same in substance as here. The deed to Griffin was, therefore, void as to plaintiffs.

There was no error, in giving the general affirmative charge for the plaintiffs.

Affirmed.