# Hall and Farley, Trustees, v. Griffin.

*Bill in Equity to Enjoin Enforcement of Judgment at Law.*

1. *Mistake and fraud on trial, as ground for relief in equity.*—An averment that on a trial at law counsel offered in evidence a written instrument, claiming it supplied a missing link in testimony already offered, and relying on such representation, the counsel for the opposing party withdrew objection to the other evidence offered, and not averring fraudulent misrepresentations of the contents of the paper, nor ˍhat counsel had no opportunity to inspect it, furnishes no ground for relief in equity against the judgment recovered because of fraud, accident, or mistake.

2. *Judgment creditor without a lien protected against dormant conveyance.*—The statute (Code of 1896, §1005) protects judgment creditors, who at the time of the recovery of their judgments had no notice, actual or constructive, of prior unrecorded conveyances to the debtor's lands, although notice is acquired before the execution lien becomes operative.

APPEAL from Pike Chancery Court.

Tried before Hon. JERE N. WILLIAMS.

The case is stated in the opinion.

R. L. HARMON, for appellant.—The averments of fraud are wholly insufficient, 3 Brick. Dig. 347, § 230; *Norman v. Burns,* 67 Ala. 248; *Adler v. Vankirk L. & C. Co.,* 21 So. 490. A judgment creditor who obtains judgment without notice, is protected against dormant conveyance.—*Griffin v. Hall & Farley,* 22 So. 156; *Griffin v. Hall,* 20 So. 485; Code of 1886, §1810; *Winston v. Hodges,* 102 Ala. 304; *Watt v. Parsons,* 73 Ala. 202; *Wood v. Lake,* 62 Ala. 489.

G. A. GRIFFIN, *contra,* cited, Freeman on Judg., 486 to 489, 490, 491.

HEAD, J.—Hall and Farley, trustees, recovered a judgment against appellee, Griffin, in a real action, at the fall term of the circuit court of Pike county, for the land sued for and damages for the detention. Hall and Farley claimed title by purchase at sheriff's sale under judgment and execution against one Foreman. They introduced the judgment against Foreman, rendered on November 2, 1893, the sheriff's deed dated October 21, 1895, and three several executions issued upon said judgment. There was a lapse of an entire term between the issuance of the second and third executions—the third being the one under which the sheriff sold. The defendant in the action, Griffin, claimed under a deed executed to him by said Foreman on March 6, 1893. This deed was never recorded, and there is no averment that Hall and Farley, or either of them (who were plaintiffs in the judgment as well as purchasers at the sheriff's sale thereunder), had any notice of it, actual or constructive, at the time of the recovery of the judgment. They received notice, however, before the issuance of the execution under which the land was sold.

On the trial of the real action, when plaintiffs introduced the first and second executions, defendant objected because of the chasm in the execution lien above stated.

This bill is filed for relief against said recovery at law. For an equity justifying such relief the bill makes the following allegation: When the objection to the introduction of said executions was made, "the counsel for the plaintiff in the ejectment suit offered in evidence an execution in another case of. *Hall & Farley v. Foreman* issued from the same court which supplied the missing link as claimed by said counsel. Complainant avers that he and his counsel were both surprised by the offering of this execution, and verily believed at the time that it was a valid execution and had the effect to give a lien under said executions beginning on the 13th day of December, 1893, whereupon complainant's counsel withdrew his objection to said first two executions, and made no further resistance to the introduction of said two executions or the lien set up by said Hall &

[Hall and Farley, Trustees, v. Griffin.]

Farley, and complainant avers that by the introduction of said execution, which was claimed to supply the missing link in the chain of said Hall & Farley's title, he and his counsel were both misled and deceived, which caused them to withdraw the objection which had been made to said executions and the lien set up thereunder."

The chancellor overruled a motion to dismiss the bill for want of equity.

We do not think the allegation above copied approaches a charge of fraud, accident or mistake unmixed with negligence on the part of the defendant in the real action. To render it sufficient by amendment would necessarily require the striking out of what is now alleged, and the insertion of some other matter directly opposed to the truth of the allegation so stricken, or to require the addition of some entirely new and independent fraudulent act, or representation on the part of plaintiffs or their counsel, which does not come within any intendment of the bill in its present frame. The charge, in effect, simply is that plaintiffs' counsel, during the trial, introduced a document claiming that it supplied the missing link in the execution lien. The counsel made no representation of fact to defendant or his counsel for them to rely on, but merely claimed before the court that the paper introduced supplied the missing link. The defendant yielded to this claim and withdrew his objection to the proposed evidence. Whether or not the document was what plaintiffs' counsel claimed it to be was open, by the records of the court then and there exposed, on call, to the inspection of any party to the suit. By inspection, any party could have ascertained to a certainty what constituted the record in the particular cause. If the document offered was not a part of the record it would have been disclosed upon such simple inspection. Indeed, it does not appear that defendant, or his counsel, even inspected the document itself. No one, as we have said, made any representation to defendant or his counsel of what the document was. The defendant (if, indeed, it had been a material matter) was guilty of negligence which he can not get over, without directly contradicting his own allegation, or charging some misleading fraud on the part of plaintiffs or their counsel, practiced upon defendant to lull him into repose, by relying upon what the fraudulent

actor knew to be untrue. There is in the present bill no semblance of such a charge general or special. Nothing to build upon by amendment.

But the foregoing discussion is really immaterial, since it was unnecessary for the plaintiffs to show an unbroken execution lien from the rendition of the judgment. The statute, Code 1896, §1005, as it has been construed in many decisions of this court, beginning with *Wood v. Lake,* 62 Ala. 489, and coming down to the last appeal on said real action between these parties (115 Ala. 647), protects judgment creditors who at the times of recovery of their judgments had no notice, actual or constructive, of the prior deeds. There was no proof tending to show that plaintiffs in the real action had notice of the prior unrecorded deed, hence the introduction of the first and second executions and the document which plaintiffs' counsel claimed to supply the missing link was unnecessary to the plaintiffs' right of recovery.

Reversed and decree here rendered dismissing the bill for want of equity.