# Griffin *et al.* v. Hall & Farley, Trustees.

*Statutory Action of Ejectment.*

1. *Unrecorded deed; statutory protection to purchaser and judgment creditor without notice.*—Under the provisions of the statute, an unrecorded deed is inoperative and void as against purchasers and judgment creditors without notice, (Code of 1896, §§ 1005, 1006); and, though possession acquired and held under an unrecorded deed is sufficient to charge the creditor or purchaser with notice when there is an actual change of possession, it is not enough that the tenant in possession at the time of the execution of the deed agrees to hold under the grantee therein; and the fact that such tenant subsequently surrenders the possession, and the property remains unoccupied until another tenant takes possession under the grantee in such unrecorded deed, is not sufficient to give the judgment creditor notice of the change of ownership. (*Tutwiler v. Montgomery*, 73 Ala. 263, overruled, so far as it conflicts with the principle here announced.)

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This was a statutory action of ejectment, brought by the appellees, J. L. Hall and L. B. Farley, against the appellants, G. A. Griffin and J. T. Ramage.

The cause was tried upon issue joined upon the plea of the general issue.

Upon the trial of the case the plaintiffs showed that they recovered a judgment against one H. Foreman, on November 2, 1893; that in December, 1893, an execution was issued upon said judgment and returned to the next term of the court "no property found"; that on April 26, 1899, an alias execution was issued on said judgment and on the same day was levied on the lands

[Griffin *et al.* v. Hall & Farley, Trustees.]

sued for in this case as the property of the defendant in execution, H. Foreman; that on May 29, 1899, the sheriff sold the land and the plaintiffs in the present suit became the purchasers.

Upon the examination of H. Foreman as a witness he testified that he was never in the actual occupancy or possession of the storehouse in question; that after he built it, he leased it to one Logan; that at the time of the recovery of the judgment he had ceased to claim said storehouse, but that his tenant was still occupying it, having attorned to the defendant, J. A. Griffin, who purchased the store from him.

It was further shown by the testimony of the defendant Griffin that in March, 1893, he purchased the storehouse and land sued for from Foreman, who made him a deed thereto, but that said deed was never recorded until 1899; that upon the purchase of the store by him, the defendant Logan, who was then a tenant of Foreman, attorned him and paid him the rent for the balance of the term of his lease, which was September 1, 1893; that on September 1, 1893, the defendant, Griffin, rented the store to Logan for another year, and that Logan had continued to rent the store and occupy it up to September, 1899, when the defendant Ramage went into possession as the agent of the defendant Griffin.

Upon the introduction of all the evidence, the court gave the general affirmative charge for the plaintiffs. The defendants duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge requested by them.

M. N. CARLISLE, for appellant, cited *Tutwiler v. Montgomery*, 73 Ala. 264.

R. L. HARMON, *contra*, cited *Griffin v. Hall*, 115 Ala. 647; *Griffin v. Hall*, 111 Ala. 601.

TYSON, J.—It is undoubtedly a sound proposition of law that if the defendant in execution has no interest or estate in the land sold, that the purchaser at such execution sale acquires no title.—*Clements v. Pearce*, 63 Ala. 284. However, as against judgment creditors and

[Griffin et al. v. Hall & Farley, Trustees.]

purchasers having no notice thereof, an unrecorded con-
veyance made by defendant in execution is void.—Code,
§§ 1005, 1006. Notwithstanding such conveyance ope-
rates to transmit the title *inter partes,* as against judg-
ment creditors and purchasers without notice no title
passes, and the defendant's estate or interest is subject
to sale under execution. The only question here pre-
sented is whether the plaintiffs, who were judgment
creditors and purchasers at execution sale of the lot in
controversy, had notice of the unrecorded deed under
which the defendant Griffin claims title to it prior to
or at the date of the rendition of the judgment. The
evidence on this point as shown in this record is the
same as was the evidence in the two causes between the
same parties reported in 111 Ala. 601 and 115 Ala. 647.
In both cases this court held, that the deed under which
the defendant Griffin claims title to the lot was void as
to these plaintiffs, not having been recorded before they
acquired a lien on the land as judgment creditors of the
grantor, and they having no knowledge or notice in fact
or otherwise constructively of it.

It is contended that the view expressed in the case re-
ported in 111 Ala. was *dictum* and is opposed to the
principles announced in the case of *Tutwiler v. Mont-
gomery,* 73 Ala. 263. Both propositions must be con-
ceded, but the decision of this question in the case in 115
Ala. is not *dicta.* It was the vital question in that case;
and the decision is supported by the cases of *King v.
Paulk,* 85 Ala. 186; *Paulk v. King,* 86 Ala. 332, holding
that it requires an actual change of possession in con-
tradistinction to a constructive one, to charge a creditor
or purchaser with notice of an unrecorded deed. This
principle is reaffirmed in *Troy v. Walter Bros.,* 87 Ala.
233; *Hall v. Griffin,* 119 Ala. 214; *Bynum v. Gold,* 106
Ala. 427. We adhere to the principles declared in the
later cases and must decline to follow *Tutwiler v. Mont-
gomery, supra.* That case must be regarded as over-
ruled on this point.

There are other assignments of errors, but they are
not insisted upon in argument.

There was no error in giving the affirmative charge
for the plaintiffs.

Affirmed.