# Danner *et al. v.* Crew.

### *Statutory Action of Ejectment.*

1. *Pleading and practice; ruling upon demurrer must be shown by judgment entry and not by bill of exceptions.*—The rulings upon a demurrer must be shown by a judgment entry; and when shown only by recitals in a bill of exceptions, such rulings will not be reviewed on appeal.

2. *Judgment; plea of not guilty a waiver of disclaimer.*—The plea of not guilty in an action of ejectment is an admission of possession by the defendant, and the filing of such plea is a waiver of a disclaimer also filed by the defendant in said suit regarding the same lands.

3. *Unrecorded deed; statutory protection to purchaser and judgment creditor without notice.*—Under the provisions of the statute, an unrecorded deed is inoperative and void as against judgment creditors and purchasers without notice. (Code, § 1005); and if a lien attaches in favor of the judgment creditor before notice of a deed duly recorded, the purchaser is protected although he may have had notice of the deed at the time of his purchase.

4. *Purchaser at execution sale; notice of deed previously executed.* The rights of a purchaser at an execution sale can not be affected or prejudiced by notice on the date of sale of a claim of another under a deed previously executed, if, by the failure to record said deed within thirty days, as required by the statute, (Code, § 1005), the rights of the judgment creditor are not affected by notice of such deed.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. A. A. EVANS.

This was a statutory action of ejectment, brought by the appellee, John W. Crew, against the appellants, Jerre Danner and Margaret Danner, to recover certain lands specifically described in the complaint.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave to the jury the general affirmative charge in his behalf. The defendants duly excepted to the court's giving of this charge, and also excepted to the court's refusal to give the general charge requested by them.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

WILLIAMS & WILLIAMS, for appellant, cited *Boyd v. Beck*, 29 Ala. 712; *Tutwiler v. Montgomery*, 73 Ala. 268; *Lovelace v. Webb*, 62 Ala. 278; *King v. Paulk*, 85 Ala. 186; *Chadwick v. Carson*, 78 Ala. 118; *DeVendell v. Hamilton*, 27 Ala. 156; *Wood v. Lake*, 62 Ala. 489; *Watt v. Parsons*, 73 Ala. 202.

GEORGE W. PEACH, *contra.*—There is no judgment on demurrer for review.—*Jasper Mer. Co. v. O'Rear*, 112 Ala. 247. Jerre Danner's plea of not guilty waived plea of disclaimer.—*Alexander v. Wheeler*, 69 Ala. 332.

The defendant in this case as purchaser at the execution sale is protected although he had notice of the deed to Margaret Danner.—Code, § 1005; *Winston v. Hodges*, 102 Ala. 308.

HARALSON, J.—The defendant, J. M. Danner,—quoting the language of his disclaimer,—"disclaimed possession of any of the land sued for in this action except the dwelling which he occupies by permission of his co-defendant [Margaret Danner], and about twelve acres of farm land which he rented in Feb'y last [1902], from said co-defendant, and which he holds for the present year under a contract for rent only." This disclaimer of possession of twelve acres, filed on May 6, 1902, does not, as appears, describe the twelve acre tract of land he had rented, so as to identify it as separate from the entire body sued for.

The plaintiff demurred to this disclaimer, as the bill of exceptions recites, and the demurrer was sustained.

The demurrer, as is stated, was lost from the file, and it nowhere appears in the transcript. The bill of exceptions states, that the demurrer "was considered by the judge presiding, who made the note on the trial docket: 'Demurrer to plea of disclaimer sustained and defendants except.'" No minute entry shows the judgment of the court on the demurrer, and there is, therefore, no judgment on it to be reviewed.—*Jasper M. Co. v. O'Rear*, 112 Ala. 247. Moreover, the defendants pleaded the general issue, and this, under our practice, was a waiver of a disclaimer filed by the defendant to the same land. *Alexander v. Wheeler*, 69 Ala. 332; *Crosby v. Pridgen*. 76 Ala. 385. The case must, therefore, be treated without reference to the attempted disclaimer by defendant, Jere Danner.

The plaintiff and defendants claim title from the same source,—from one Thomas Danner. Margaret Danner, one of the defendants, claimed by virtue of her heirship of said Thomas, and by deed from her brother and co-defendant, Jere Danner, dated Nov. 1, 1901, and filed for record and recorded Sept. 4, 1902, and the plaintiff, J. W. Crew, as purchaser of the property, on the 17th February, 1902, levied on and sold as the property of Jere Danner. In this connection the plaintiff's proof showed without conflict, that one Lige Gachet instituted an action in ejectment in the circuit court of Barbour county against the defendant, Jere Danner, for the recovery of forty acres of land,—not here sued for,—in which action on the 6th of November, 1901, the plaintiff therein recovered a judgment for the land there sued for, together with $17.50 as damages, and costs of suit amounting to $157.40. The land was delivered to the said Gachet, on the 7th January, 1902, under a writ of possession. An execution was issued on this judgment, on the 13th December, 1901, and was levied on the land in suit, on the 10th of January, 1902, and the land. after an advertisement, was sold by the sheriff under said execution of the 17th Feby, 1902, at which sale the plaintiff, John W. Crew, became the purchaser, at and for the sum of $50. and the sheriff executed and delivered to him a deed to said lands, which deed was offered in evidence.

The defendant introduced evidence tending to show that the plaintiff, a short time after the execution and delivery of the said deed from defendant, Jere Danner, to his co-defendant, Margaret Danner,—of date the 1 Nov., 1901,—and before the term of the court at which the said case of Gachet v. Jere Danner was tried and judgment rendered for plaintiff, knew or was informed of the execution of said deed from Jere to Margaret Danner. The contention of the defendant Marga·et Danner is, that the plaintiff purchased at said execution sale, with notice of defendant's deed and is not entitled to protection as a *bona fide* purchaser against her title.

There was no change of possession of the land, and there is no pretense that Lige Gachet, the judgment creditor of Jere Danner, had any notice, either actual or constructive, of the said deed of said Jere to Margaret Danner, until the day of sale of said lands under said execution.

Section 1005 of the Code provides, that conveyances of unconditional estates are void as to purchasers for a valuable consideration, mortgagees and judgment creditors, having no notice thereof, unless recorded within thirty days from their date. In construction of this statute, it has been uniformly held, that if a lien attaches in favor of a judgment creditor, before notice of a deed duly recorded, the purchaser is protected, although he may have had notice of the deed at the time of his purchase.—*De Vendell v. Hamilton*, 27 Ala. 156; *Fash v. Ravesies*, 32 Ala. 451. It was said in *Jones v. Latham*, 70 Ala. 166: "When a sale is made under execution, the lien of which had attached before notice, actual or constructive, the purchaser, although having notice at the time of the purchase, will acquire a good title." If the judgment creditor, Gachet, before the recovery of his judgment had no notice of said deed, the plaintiff as purchaser would not be affected with notice, although notice of the deed was given on the day of sale. As to notice, the purchaser stands in the shoes of the judgment creditor, entitled to the same protection.—*Winston v. Hodges*. 102 Ala. 304; *Wood v. Lake*, 62 Ala. 493; *Griffin v. Hall*, 115 Ala. 647, 649; *Ib.* 129 Ala. 289; *Hall v. Griffin*, 119 Ala. 214.

The court gave the general charge in favor of the plaintiff for the recovery of the entire tract of land sued for. There was no pretense that plaintiff was entitled to recover any more than Jere Danner's undivided interest therein. The jury rendered a verdict for him for such an interest. If the charge was erroneous, it was error without injury, since there was no greater recovery than for the undivided half interest of Jere Danner.

Affirmed.