# Goodbar & Co. *v.* Blackwell.

*Trial of Right of Property.*

(Decided Feb. 2, 1911.    54 South. 532.)

1. *Judgment; Lien; Recordation; Transfer of Property.*—Where a judgment is recorded as provided by section 4156, Code 1907, it operates to impose a lien on all the property of the defendant in the judgment in the county where filed.   (Sec. 4157, Code 1907), and hence a purchaser of personal property from the judgment defendant subsequent to the recordation of such judgment takes it subject to the lien of such judgment and cannot prevail against enforcement of same on execution issued on such recorded judgment.

2. *Same: Lien; Conflict of Statute.*—There is no conflict between sections 4093 and 4157, Code 1907, as the liens given by the two statutes are separate and distinct.

APPEAL from Winston Circuit Court.

Heard before Hon. JAMES J. RAY.

Goodbar & Company recovered judgment against L. B. McNamee, and had the same recorded in Winston county. The judgment contained waiver of exemptions. Execution was issued on said judgment and levied upon

[Goodbar & Co. v. Blackwell.]

certain goods and merchandise, which were claimed by S. H. Blackwell under purchase from said McNamee. On trial of right of property, the court directed a verdict for claimant and the plaintiff in execution appeals. Reversed and remanded.

W. H. KEY, for appellant. There is no conflict between sections 4093 and 4157-8, since the last section gives a lien which has the force and effect of an execution levied. Hence, under the facts in this case, the plaintiff in execution is entitled to the affirmative charge.—*Motley v. Jones*, 98 Ala. 443; *Street v. Duncan*, 117 Ala. 571; *Canning v. Truss*, 123 Ala. 662; *Howard v. Corey*, 126 Ala. 283.

J. J. CURTIS, for appellee. Counsel discusses the provisions of section 4093 and sections 4157-8, Code 1907, and concludes that the lien given is the same and that the lien attaches from the levy of the writ whether the judgment or decree is recorded or not. Such is the plain and unambiguous words of the statute, and hence, the court will not construe them, but will take the language as the Legislature used it.—*Carlisle v. Goodwin*, 68 Ala. 137; *Reese v. The State*, 73 Ala. 18.

McCLELLAN, J.—The plaintiff in execution (appellant) was due the affirmative charge requested by it, and, on the other hand, it was error to give the affirmative charge for the claimant (appellee). The plaintiff's judgment was recorded, as provided in the Code (section 4156), and thereupon operated to impose a lien on the property of the defendant in execution in the county where filed, according to the provisions of the Code (section 4157). The purchaser (appellee) of the personal property, subsequent to the recordation stated, took it subject to the lien provided, and could not pre-

vail against the enforcement of the execution issued on that recorded judgment.

The lien treated in Code 1907, § 4093, is the lien of the execution, a distinct charge from that imposed by Code 1907, § 4157, upon all of the property of the defendant in the judgment in the county where it is properly recorded. There is no conflict or inharmony between Code, sections 4093 and 4157.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.