# Brown, et al. v. International H. Co.

## Ejectment.

(Decided January 23, 1912.   60 South. 841.)

1. *Execution; Bona Fide Purchaser; Unrecorded Deed; Burden of Proof.*—Under section 3383, Code 1907, it is incumbent upon party holding under an unrecorded deed to show notice in order to defeat ejectment by the purchaser at execution sale against his grantor.

2. *Same; Possession.*—It requires an actual change of possession, as distinguished from a constructive one, to charge a purchaser under execution sale with notice of an unrecorded deed, under section 3383, Code 1907, it not being enough that the tenant in possession agreed to hold for his landlord's grantee.

3. *Deed; Passing Title; Delivery.*—Title does not pass under a deed until it is delivered, no matter when signed and acknowledged.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ejectment by the International Harvester Company against C. N. Brown, and another.   Judgment for plaintiff and defendants appeal.   Affirmed.

Both parties claim through the same source, one J. M. Crutchfield.   The plaintiff claims through sheriff's deed executed July 9, 1908, by virtue of a sale under execution, wherein plaintiff was purchaser; it appearing that on the 18th day of September, 1907, plaintiff here recovered a judgment in the circuit court of Cullman county against the said Crutchfield, and had certificate thereof filed in the office of the judge of pro-

bate on October 1, 1907. The defendants claim through a deed executed by Crutchfield and wife to them on March 19, 1907, and another on May 28, 1909; the latter deed purporting to be a deed for the purpose of correcting and perfecting the former deed of March 19, 1907, both of which seem to have been recorded.

F. E. St. John, for appellant. The question addressed to Crutchfield as to whether or not he owned any other land was admissible for the purpose of explaining the ambiguity in the deed from Crutchfield to the Browns.—*Elliott v. Coleman, et al.,* 170 Ala. 355. It was competent to show by the same witness that the Browns paid him for the land.—*Barrow v. Barrow,* 122 Ala. 694; *Brannan v. Henry,* 142 Ala. 698. On these authorities and the authorities there cited this case is taken out of the class of cases styled patent ambiguities and placed in the class of intermediate ambiguities. The last deed related back and took effect as a conveyance of the legal title from and after the date of the prior deed.—*Chapman v. Fields,* 70 Ala. 403; *L. & N. R. R. Co. v. Boykin,* 76 Ala. 560; *Hawkins v. Pearson,* 96 Ala. 369. At the time of the date of the first deed plaintiffs had no right in the land and had none at the time of the execution of same.—*Bieler v. Dreher,* 129 Ala. 384; *Banks v. Long,* 79 Ala. 319; *Boyd v. Beck,* 29 Ala. 713.

J. B. Brown and S. B. Griffin, for appellee. The proof is undisputed that there was no change in possession or control and the recording of the deed with the void description was not sufficient to charge the judgment creditors with notice of the claim of the grantee therein to the property in suit.—*Chambers v. Ringstaff,* 69 Ala. 112; section 3383, Code 1907. The fact of pay-

ment had no tendency to explain or make certain the description of the land in the deed, the only question being as to who had the legal title.—*Milan v. Crowley,* 144 Ala. .............; *Nevill v. Chesshire,* 163 Ala. The question was as to who owned the land and this was for the court and jury and not for the witnesses to decide. —*Turner v. L. & N. R. R. Co.,* 60 Ala. 621; *Sample v. Steed,* 52 South. 644. The written conveyance is the exclusive method of proving from whom defendants purchased.—*Hendon v. White,* 52 Ala. 597; section 3355, Code 1907. The parties could not by the execution of the second deed affect the rights of appellee which attacked.—*Motley v. Jones,* 98 Ala. 447; *Vary v. Sensabaugh,* 156 Ala. 461; *Richards v. Steiner,* 166 Ala. 355; section 3383, Code 1907. The doctrine of relation back cannot be applied in this case.—*Maxwell v. Grace,* 85 Ala. 577; *Champion v. Fields,* 70 Ala. 403; *L. & N. R. R. Co. v. Boykin,* 76 Ala. 560. The first deed was void for uncertainty and no such proof was offered which authorized its admission.—*Elliott v. Davis,* 170 Ala. 355; *Barron v. Barron,* 122 Ala. 209; *Goodman v. Forman,* 114 Ala. 489.

ANDERSON, J.—The appellee recovered a judgment against J. M. Crutchfield on the 18th day of September, 1907, and was therefore a judgment creditor when the deed from said Crutchfield to his daughter and son-in-law was recorded on September 20, 1907; therefore said deed was void as to this appellee, under the terms of section 3383 of the Code of 1907, in the absence of notice of same, or of facts sufficient to put the appellee upon inquiry, and it was incumbent upon the defendants to show notice. Crutchfield admitted that he was in the possession of the land when the deed was made, March 19, 1907, but claimed that he was in pos-

session for Brown, yet there is nothing to indicate that this appellee knew that Crutchfield was in possession for Brown. The Browns were never in the possessio pedis, and the only possession that they attempt is through this grantor, Crutchfield, or through a tenant by the name of Calloway, for the year 1907. There is nothing to indicate any change in the possession from Crutchfield to Brown, or that Calloway was the tenant of Brown instead of Crutchfield, as the said Crutchfield testified that he was in possession on March 19, 1907; and if the tenant, Calloway, went in possession on the first of said year 1907 he must have held the same conjointly with Crutchfield, or under him; and there was not such an actual, visible change in the possession from Crutchfield to Brown as would put the judgment creditor on notice or inquiry. It requires an actual change of possession, as distinguished from a constructive one, to charge a creditor or purchaser with notice of an unrecorded deed.—*Griffin v. Hall,* 129 Ala. 289, 29 South. 783. It is not enough that the tenant in possession agreed to hold under the grantee in the unrecorded deed, as that alone would be no open or visible change in the possession.—*Griffin v. Hall,* 111 Ala. 601, 20 South. 485. The trial court correctly gave the general charge for the plaintiff; and, as the other questions did not tend to change the above undisputed facts, there could be no reversible error in the rulings upon same.

Moreover, the plaintiffs were entitled to the general affirmative charge for another and still better reason. The undisputed evidence shows that the deed of 1907, while signed and acknowledged prior to appellee's judgment, had not, in fact, been delivered when the judgment was obtained. Delivery is essential to the execution of a deed; and the defendants had no valid deed

[Hunnicutt v. Head.]

when the judgment was obtained, independent of the statute of registration.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.