[Harris v. Hanchey.]

# Harris *v.* Hanchey.

## *Ejectment.*

(Decided April 22, 1915.  68 South. 276.)

*Execution; Sales Under; Rights Acquired.*—Under section 3383, Code 1907, a wife under a conveyance from her husband, not recorded until two years later, and after a mechanics' lien had attached, three months after the judgment thereon, and several days after the venditioni exponas was in the hands of the sheriff, had no title as against the judgment creditor purchasing at the execution sale, in the absence of any notice of her possession.

Appeal from Pike Circuit Court.

Heard before Hon. H. A. Pearce.

Ejectment by Martha Harris against P. F. Hanchey. Judgment for defendant and plaintiff appeals. Affirmed.

D. A. Baker, for appellant.

E. R. Brannen, for appellee.

Mayfield, J.—This is an action of ejectment, by appellant against appellee, to recover lot 32, in the city of Troy. The suit resulted in judgment for defendant, and from that judgment plaintiff prosecutes this appeal.

Plaintiff claimed title by deed and by will from her husband, Posey Harris. Defendant claimed title as the purchaser at a sale under execution against Posey Harris. Plaintiff's deed was dated December 15, 1906; the consideration therein recited being love and affection. This deed was not filed for record until January 1, 1908, which was three months after the date of the judgment on which was based the execution sale under which ap-

pellee claims title, and several days after the venditioni exponas was in the hands of the sheriff. The deed to the plaintiff was therefore void as against the plaintiff in judgment, as also a purchaser at the sale under the execution.—Code 1907, § 3383; Code 1896, §§ 1005, 1006. This section reads as follows: "All conveyances of real property, deeds, mortgages, deeds of trust, or instruments in the nature of mortgages, to secure any debts, are inoperative and void, as to purchasers for a valuable consideration, mortgagees, and judgment creditors, without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees, or judgment creditors."

The sale under execution or venditioni exponas was to enforce a mechanic's lien on the property in question, which lien had attached long before judgment was rendered or execution issued, and this lien was kept alive, and was enforced by judgment and execution sale, as above stated; and of course no title could have passed to plaintiff by virtue of a voluntary conveyance after this lien attached.

While there was some evidence to show that the plaintiff was in the possession of the lot in question, there was no evidence to show that there was any change of the possession from the husband to the wife, such as to charge purchasers, or creditors of the husband, with actual notice of the wife's possession, and to so prevent the unrecorded deed from being void as against them.—*Griffin v. Hall & Farley,* 129 Ala. 289, 29 South. 783: Id., 111 Ala. 601, 20 South. 485; *Paulk v. King,* 86 Ala. 332, 6 South. 612; *Watt v. Parsons,* 73 Ala. 202.

The case of *Danner v. Crew,* 137 Ala. 620, 34 South. 822, is, we think, conclusive against plaintiff's right to recover in this action. Plaintiff's deed from her husband was dated only eight days after her husband ac-

quired title to the lot, and only two days after the deed to her husband was recorded; and yet plaintiff never recorded her deed from her husband until nearly two years thereafter—not until the lien had attached, nor until judgment was rendered and execution was issued thereon. It is unnecessary, however, to consider the question of fraud, for the reason that the statute above quoted declares the deed to be void, irrespective of the question of fraud. In no event, and under no phase of the evidence, was the plaintiff entitled to recover. The plaintiff therefore could not have been injured by adverse rulings.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.