(109 So. 101)

**WIGGINS et al. v. STEWART BROS.**
(8 Div. 842.)

(Supreme Court of Alabama. June 10, 1926.)

**1. Judgment ⬳524.**

Judgment speaks from its date and is not evidence of existence of the debt prior thereto, and, in absence of proof, debt must be considered -contracted as of date of judgment.

**2. Fraudulent conveyances ⬳271(3).**

Subsequent creditors of grantor have burden of proving actual fraud in the conveyances.

**3. Vendor and purchaser ⬳242.**

Grantees under unrecorded deed have burden of showing actual notice to subsequent judgment creditor of grantor at or prior to date of judgment, in view of Code 1923, § 6887.

**4. Vendor and purchaser ⬳232(1).**

Actual open possession of land is sufficient to put others on inquiry and is notice of claim of title in holder.

**5. Vendor and purchaser ⬳232(8).**

If one, holding land in subordination to title of another, acquires title by unrecorded conveyance, his continued possession is not notice of his change of relation to the property.

**6. Attorney and client ⬳104.**

For notice of unrecorded deed to attorney to bind client, notice must be received by attorney while engaged in a service for his client to which the notice relates.

**7. Ejectment ⬳90(1).**

In ejectment, where plaintiff claimed under judgment, entered before notice of unrecorded deed, evidence of want of notice *held* admissible, though not required before defendants produced evidence of notice.

**8. Appeal and error ⬳969.**

Denial of motion to transfer cause to equity docket, under Code 1923, § 6490, is not reviewable on appeal.

**9. Ejectment ⬳132.**

"Mesne profits," within Code 1923, § 7453, allowing their recovery, in action in nature of ejectment, is fair rental value during tortious holding.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Mesne Profits.]

**10. Ejectment ⬳109.**

On giving affirmative charge in ejectment, it was not error for court ex mero motu to explain elements of recovery and form of verdict and to say that plaintiff would be entitled to rental value of land, if jury believed evidence.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Action in ejectment by Stewart Bros., against D. K. Wiggins and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

W. W. Callahan and A. J. Harris, both of Decatur, for appellants.

Plaintiff's judgment was evidence only that defendants were indebted to plaintiffs on the date of the judgment. Snodgrass v. Branch Bank, 25 Ala. 161, 60 Am. Dec. 505; Pickett v. Pipkin, 64 Ala. 522; Dubose v. Young, 14 Ala. 139. Plaintiff's judgment being subsequent to the deed, whether the consideration of the deed was valuable is immaterial; subsequent creditors may impeach conveyances only for actual fraud, and the burden of proof rests upon the creditor. Allen v. Overton, 208 Ala. 504, 94 So. 477. No request for such instruction having been made, it was error for the

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

court to charge the jury that "plaintiffs would be entitled, if you believe the evidence, to a reasonable rental value of the land during the detention thereof." Code 1923, § 9507; Lowe v. Reed, 207 Ala. 278, 92 So. 467; Jacobs v. State, 146 Ala. 103, 42 So. 70; L. & N. R. Co. v. Godwin, 191 Ala. 498, 67 So. 675. It was error to overrule defendants' motion to transfer the cause to the equity docket. Ex parte L. & N. R. Co., 211 Ala. 531, 100 So. 843.

Sample & Kilpatrick, of Hartselle, and E. W. Godbey, of Decatur, for appellees.

Failure to record the deed from the judgment debtor, and in the absence of any change in the possession consequent upon the deed, entitled the plaintiffs to recover. Brown v. International H. Co., 179 Ala. 563, 60 So. 841; Harris v. Hanchey, 192 Ala. 179, 68 So. 276; Winston v. Hodges, 102 Ala. 304, 15 So. 528; Troy v. Walter, 87 Ala. 237, 6 So. 54; King v. Paulk, 85 Ala. 186, 4 So. 825. If the possession is vacant there is no need to inquire. Griffin v. Hall, 115 Ala. 647, 22 So. 156. If the grantee had been on the land, and the judgment debtor, the head of the family, was also thereon, this would not have constituted constructive notice of the grantee's claim. Holly v. Dinkins, 202 Ala. 480, 80 So. 861. Evidence that the grantee showed the deed to plaintiffs' attorney was not admissible, in the absence of a showing that said attorney was then engaged in the plaintiffs' business. Ala. W. R. Co. v. Bush, 182 Ala. 113, 62 So. 89; Traders' Ins. Co. v. Letcher, 143 Ala. 400, 39 So. 271; Mundine v. Pitts, 14 Ala. 90.

BOULDIN, J. The appeal is from a judgment in ejectment in favor of Stewart Bros., plaintiffs, against D. K. Wiggins, Jas. T. Wiggins, and Z. Y. Sims. The affirmative charge was given for plaintiffs. Both parties claim title through M. D. Wiggins. Plaintiffs showed judgment, execution, levy, sale, and sheriff's deed in due form. Their evidence further showed prior possession in one Orr, deed from him to Mattie J. Wiggins, and deed from Mattie J. Wiggins and her husband to M. D. Wiggins, defendant in execution. Without more, plaintiffs' title is not questioned. Defendants relied upon a deed from M. D. Wiggins to defendant D. K. Wiggins of date some 12 days before the date of the judgment.

Appellants deal first with the law of fraudulent conveyances.

[1] A judgment speaks from its date, and is not evidence of the existence of the debt prior thereto. In the absence of all proof of the date when the debt was contracted, it must be considered as of the date of the judgment. Snodgrass v. Branch Bank, 25 Ala. 161, 60 Am. Dec. 505; Martinez v. Lindsey, 91 Ala. 334, 8 So. 787.

[2] The judgment being subsequent to the date of the deed, the rights of the judgment creditor are those of a subsequent rather than an existing creditor of the grantor. Subsequent creditors have the burden of proving actual fraud. Allen v. Overton, 208 Ala. 504, 94 So. 477.

[3] But the case is governed by the law of dormant conveyances, not necessarily fraudulent. All deeds to real property are inoperative and void as to judgment creditors without notice unless recorded. Code, § 6887. The deed on which defendants rely not being recorded, the burden was on them to show actual notice to plaintiffs at the time of, or prior to, obtaining their judgment.

[4] The actual open possession of lands is sufficient to put others on inquiry and constitutes notice of claim of title in the holder.

[5] But if one is holding in subordination to the title of another, and acquires a conveyance to the property, his continued possession under the conveyance is not notice of his change of relation to the property. There must be an actual visible change of possession; otherwise, the unrecorded conveyance itself is made the instrument of giving notice. Brown v. International Harvester Co., 179 Ala. 563, 60 So. 841; Griffin v. Hall, 129 Ala. 289, 29 So. 783; Winston v. Hodges, 102 Ala. 304, 15 So. 528; Harris v. Hanchey, 192 Ala. 179, 68 So. 276.

[6] Notice of an unrecorded deed to an attorney, to be binding upon his client, must be shown to have come to the attorney while acting in the line of his duties as attorney; must be received as attorney while engaged in a service for his client to which the notice is related. Ala. W. R. Co. v. Bush, 182 Ala. 113, 62 So. 89; Traders' Ins. Co. v. Letcher, 143 Ala. 400, 39 So. 271; Mundine v. Pitts' Adm'r, 14 Ala. 90.

[7] Applying these rules, there was no evidence of notice to plaintiffs in person of the execution of the deed in question. Plaintiffs' evidence of want of such notice, while not required until some evidence thereof was produced by defendants, was properly admitted. No evidence appears of any visible change of possession of the lands from the execution of the deed May 1st to the date of the judgment, May 12th.

So far as appears, D. K. Wiggins, the grantee, was in possession all along with his father, J. T. Wiggins, the head of the family, one of the judgment debtors and a grantor in the deed to M. D. Wiggins. Holly v. Dinkins, 202 Ala. 480, 80 So. 861.

It is not insisted in argument that the alleged notice to Mr. Sample was shown to be within the rule as to attorney and client.

[8] The denial of a motion to transfer a cause from the law docket to the equity docket, under Code, § 6490, is not reviewable on appeal. Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Fountain v. State, 211 Ala. 589, 100 So. 892.

The affirmative charge was properly given at the request of plaintiff. The effect of this

charge was that under the evidence there was an unlawful detention of the property.

[9] When claimed in the complaint and given in evidence, plaintiff is entitled to recover "mesne profits" to the time of the verdict. Code, § 7453. This is defined to be "the fair rental value of the property during the period of tortious holding." Scott v. Colson, 156 Ala. 450, 47 So. 60; Profile Cotton Mills v. Calhoun Water Co., 204 Ala. 243, 85 So. 284. "During the detention" means, the same. Code Form No. 32.

[10] On giving the affirmative charge, requested in writing, it was not error to proceed ex mero motu to explain to the jury the elements of recovery and form of verdict, saying:

"The plaintiff would be entitled, if you believe the evidence, to a reasonable rental value of the land during the detention thereof." Gaither v. Meacham, 214 Ala. 343, 108 So. 2.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.