174 So. 493

**C. I. T. CORPORATION v. STEPHENS.**

**2 Div. 90.**

Supreme Court of Alabama.

March 25, 1937.

Rehearing Denied June 3, 1937.

Mullins, Deramus & Stuart, of Birming-
ham, and Jenkins Jackson, of Livingston,
for appellant.

Geo. O. Miller and Ira D. Pruitt, both of Livingston, for appellee.

BROWN, Justice.

The question presented by this appeal is one of fact—whether or not complainant had notice of the existence of the unrecorded conditional sale contract between the defendant in execution and Duncan Tire & Auto Company, under which the claimant, appellant here, claims title to the automobile levied on by the sheriff.

It is not enough that she had notice or knowledge that there was a balance due on the purchase price; she must have notice or knowledge of the existence of the contract, and that through it the seller retained the title to the automobile at the time the judgment was rendered, or at least before the levy was made. Code 1923, § 6898; Wood v. Lake, 62 Ala. 489; Hall and Farley, Trustees, v. Griffin, 119 Ala. 214, 24 So. 27; Silvey & Co. v. Cook, 191 Ala. 228, 68 So. 37.

The evidence shows that the defendant was very young—seventeen years of age—and without business experience; that in her husband's absence and by his instruction she made a payment of $54 on the automobile.. She testified that she understood that to be the last payment.

There was other evidence in the case tending to show that complainant had some knowledge of the transaction. Taking the evidence as a whole, it at most affords an inference of notice, and inasmuch as the trial court heard the evidence given ore tenus, and was in a better situation to judge of its credibility, we are not able to affirm error in the ruling complained of.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.