## BRIDGEWATER v. SCHAEFER.

### No. 11838.

Circuit Court of Appeals, Fifth Circuit.

Nov. 21, 1947.

Needham A. Graham, Jr., of Birmingham, Ala., for appellant.

C. W. Taylor, of Birmingham, Ala., for appellee.

Before McCORD, WALLER, and LEE, Circuit Judges.

McCORD, Circuit Judge.

William F. Schaefer, as Trustee in Bankruptcy of the Superior Lime & Hydrate Company, Bankrupt, brought this action against Rosa L. Bridgewater under authority of Section 60 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 96, alleging that on the 22nd day of February, 1942, a petition

of involuntary bankruptcy was filed against the Superior Lime & Hydrate Company, a corporation organized under the laws of Alabama, and the corporation was adjudicated a bankrupt on the 27th of February, 1942.

On the 25th of February, 1944, there was filed in the office of the Probate Judge of Shelby County, Alabama, a warranty deed, dated March 2, 1935, and purporting to convey from the Superior Lime & Hydrate Company to the defendant certain real property, the subject of this litigation. The Trustee contends that this conveyance must be interpreted, under the facts averred and the Bankruptcy Act, to have been made within four months of the date of filing of the petition in bankruptcy against the Company, in that the conveyance was made by the Company to Rosa Bridgewater in consideration of an antecedent debt, and therefore constituted a voidable preference within the meaning of Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96. The defendant, in answer to the complaint of the trustee, alleged that she had been in the actual, open, notorious and exclusive possession of the property, claiming to own the same continuously from the time it was conveyed to her by the corporation, on March 2, 1935, until the filing of this suit.

The officers and only stockholders of the bankrupt corporation consisted of H. G. Bridgewater, President and husband of appellant, G. A. Paul, Vice President, and the appellant, Rosa L. Bridgewater, Secretary. In the year 1926, the corporation erected a dwelling house on the property here under consideration, which lies across a public highway approximately one quarter of a mile distant from the corporation's principal plant. Upon completion of this residence the appellant and her husband, H. G. Bridgewater, entered into possession of the land and residence thereon under circumstances which constituted them a tenant at will of the corporation. The warranty deed given by the corporation to appellant on March 2, 1935, purporting to convey the above property, was executed and delivered in consideration of approximately $1131.00 overdue salary owing to Mrs. Bridgewater by the corporation for her services as Secretary. On this date the corporation was in fact solvent. Subsequently, appellant expended her own money in the sum of $1019.00 for making additions and improvements to the property. However, the record title to the property, from 1926 until the corporation was adjudicated a bankrupt in 1942, appeared in the corporation, and during all these years the corporation annually assessed the property as its own, for the purpose of the ad valorem tax imposed by the laws of Alabama, and in fact paid such taxes.

The case was tried by the court without a jury, with the facts stipulated substantially as outlined above.

■ The deed not having been recorded until after the adjudication of bankruptcy, it becomes evident that a good-faith purchaser could have acquired from the corporation a title to the property superior to that of appellant, at any time before bankruptcy, unless the possession of the property by the appellant was sufficient, from and after March 2, 1935, to put others on inquiry and constitute such notice of her title as would meet the requirements of the Alabama statute. Code of Alabama, 1940, Title 47, Section 120.

■ We are unable to find reversible error in the conclusions of the trial court. We agree that the purported conveyance to Rosa Bridgewater from the bankrupt corporation, in consideration of an antecedent debt owing to her by the corporation, constituted a voidable preference within the meaning of Section 60 of the Act, 11 U.S.C.A. § 96, subs. a, b. First National Bank v. Connett, 8 Cir., 142 F. 33, 5 L.R.A., N.S., 148; Corn Exchange National Bank & Trust Co. v. Klauder, 318 U.S. 434, 63 S. Ct. 679, 87 L.Ed. 884, 144 A.L.R. 1189. Moreover, from a consideration of the record, it becomes manifest that the unrecorded deed from the bankrupt corporation to the appellant was void as against the trustee. Myers v. Motley, 318 U.S. 622, 63 S. Ct. 780, 87 L.Ed. 1043, 145 A.L.R. 498; Cooper Grocery Co. v. Park, 5 Cir., 218 F. 42; White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301; Robbins v. Bostian Trustee, 8 Cir., 135 F.2d 298; Commercial Cred-

it Co. v. Davidson, 5 Cir., 112 F.2d 54; Bankruptcy Act, as amended, Section 70, subs. a(5) and c, 11 U.S.C.A. § 110, subs. a(5), c, and Section 60, sub. b, 11 U.S.C.A. § 96, sub. b.

The record shows conclusively that the possession of the property by the appellant after March 2, 1935, was not exclusive of the corporation, nor was it distinguishable from the possession, or inconsistent with the title of the corporation, the record owner. We are therefore of opinion that, after the execution and delivery of the deed from the bankrupt corporation to Rosa Bridgewater, on the above date, there was not such a change in the character of occupancy and possession of the property as would dispense with the necessity of recording the conveyance. Code of Alabama, 1940, Title 47, Section 120; Tutwiler v. Montgomery, 73 Ala. 263; Griffin v. Hall, 129 Ala. 289, 29 So. 783; Danner v. Crew, 137 Ala. 617, 34 So. 822; Holly v. Dinkins, 202 Ala. 477, 80 So. 861; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101; Brown v. International Harvester Co., 179 Ala. 563, 60 So. 841; Harris v. Hanchey, 192 Ala. 179, 68 So. 276; Teaford v. Moss, 235 Ala. 490, 179 So. 817.

We find no reversible error in the record and the judgment is affirmed.