This is an appeal from a summary judgment entered in favor of the defendants/counter-claimants, Arrow Transportation Company, Inc. ("Arrow"), and Mel Bailey, sheriff of Jefferson County, and against the plaintiff/counter-defendant, Betty Ruth Smith, in an action to quiet title.[1]
 Facts
There are a number of conveyances, alleged conveyances, and other transactions that directly affect each party's interest in the subject property, which consists of a residential lot and house. Those events are briefly summarized below. A table with the dates of the relevant transactions follows that summary.
Betty married Charles Ross Smith on April 15, 1982. Prior to that marriage she had purportedly executed a contract to purchase the property. That contract was not recorded, and when a deed was executed purportedly pursuant thereto, title to the property was not taken in Betty's name, but was instead taken in the name of Trico *Page 1005 
Fuels, Inc. ("Trico"), a corporation operated by Charles's family. Nonetheless, Betty entered into, and remained in, possession of the property at all times relevant to this appeal. Betty alleges that title to the property was put in Trico's name as a "safeguard" until she and Charles were sure that their marriage would be successful. She also alleges that once the marriage proved to be a success the property was to be conveyed to her. She contends that this agreement between her, Charles, and Trico was evidenced by the inscription of her initials "B.R.H." next to Trico's name as grantee on the deed.[2] That deed was properly recorded.
Trico remained the record owner of the property for more than two and one-half years after that deed was recorded. During that period Arrow obtained a judgment against Trico and recorded a certificate of judgment in Real volume 2533 in the Jefferson County probate court. After the certificate of judgment was recorded, a deed that indicated that Trico had conveyed the property to Charles was recorded. Six months later, another deed, showing a conveyance from Charles and Betty to each other as joint tenants with right of survivorship, was recorded.
Trico later filed a bankruptcy petition. An order of stay was entered by the bankruptcy court to protect Trico's assets from creditors. Arrow filed a motion in the bankruptcy court for relief from stay so that it could exercise its rights against the property as a judgment creditor. Arrow's motion was granted. An execution on Arrow's judgment against Trico was issued and the sheriff scheduled a sale of the property. Betty filed this action to quiet title to the property, and Arrow filed an answer and counterclaim to quiet title. The property was sold to Arrow as the highest bidder and that corporation recorded a sheriff's deed. Summary judgment was later entered in favor of Arrow.
Transactions
 Description Date Date Recorded
1. Contract of sale to Betty Ruth Smith 01/04/82 Not recorded (née Harper) 2. Deed to Trico as grantee 01/12/82 01/20/82 3. Entry of judgment for Arrow against Trico 05/30/84 06/29/84 4. Deed from Trico to Charles 01/05/84 09/14/84 5. Deed from Charles and Betty to each other as joint tenants 03/19/85 03/20/85 6. Petition in bankruptcy filed by Trico 05/06/85 N/A 7. Lift of stay in bankruptcy in favor of Arrow 05/23/88 N/A 8. Execution on Arrow's judgment against Trico delivered to Sheriff 06/28/88 N/A 9. Sheriff's sale of property to Arrow 10/17/88 10/21/88
 Issues
Betty argues that there was evidence that Arrow was not a judgment creditor or purchaser without notice of an adverse claim to the property and, therefore, that summary judgment was not proper. She advances two arguments to support that contention. In order for us to address those arguments, we must review the relevant statutes regarding the recordation of deeds and other instruments affecting title to real property, as well as the effect that the proper recordation of a certificate of judgment has on the defendant's property.
 "(a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual *Page 1006 of the right of such purchasers, mortgagees or judgment creditors.
 "(b) Subsection (a) of this section includes absolute conveyances of real property defeasible by a defeasance or other instrument, in which case such defeasance or instrument must be recorded, according to its character, within the time limited in subsection (a) of this section or it is void as to purchasers for a valuable consideration, mortgagees and judgment creditors of the original grantee without notice."
Ala. Code 1975, § 35-4-90 (emphasis added). A deed that is unrecorded is good between the grantor and grantee, but is void against bona fide purchasers for value, mortgagees, and judgment creditors without notice. Alexander v. Fountain,195 Ala. 3, 70 So. 669 (1916). Therefore, if a judgment creditor without notice perfects a lien against the property, he is protected against subsequently recorded instruments, regardless of the date of execution or delivery of those other instruments. Johnson v. Haleyville Mobile Home Supply, Inc.,477 So.2d 328 (Ala. 1985).
Ala. Code 1975, § 6-9-210, sets out the procedure for recording a certificate of judgment. Betty does not contend that Arrow failed to comply with the requirements of that statute. The effect that properly filing a certificate of judgment has on the defendant's property is set out in §6-9-211:
 "Every judgment, a certificate of which has been filed as provided in section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue for 10 years after the date of such judgment. . . . No insolvency proceedings or declaration of insolvency shall affect or impair such lien, except bankruptcy proceedings instituted within four months after the filing of the certificate of judgment for record as provided by law. The filing of said certificate of judgment, as provided in section 6-9-210, shall be notice to all persons of the existence of the lien thereby created."
(Emphasis added.) The recording of a certificate of judgment creates a blanket lien on all of the property of the defendant that is located in the county of recordation and is subject to levy and sale. Kiker v. Nat'l Structures, Inc., 342 So.2d 746
(Ala. 1977); Shrout v. Seale, 287 Ala. 215, 250 So.2d 592
(1971); Second National Bank v. Allgood, 234 Ala. 654,176 So. 363 (1937). The judgment creditor's rights in the property attach upon the act of recording the certificate of judgment and have priority over all rights arising out of subsequently recorded instruments. Johnson, supra; Reuf v. Fulks, 219 Ala. 252,122 So. 14 (1929); Goodbar Co. v. Blackwell, 170 Ala. 232,54 So. 532 (1911); Galloway v. State ex rel. Payne,371 So.2d 48 (Ala.Civ.App. 1979).
In order for a judgment creditor to have priority over a prior executed deed, it must be shown that the creditor's rights accrued before the prior executed deed was recorded and that he did not have notice of the deed at the time of the judgment. Johnson, supra; Goodbar Co., supra; Hall v.Griffin, 119 Ala. 214, 24 So. 27 (1898). The burden of proof is on the person holding under an unrecorded deed to show notice in order to defeat the rights of the judgment creditor. Wigginsv. Stewart Bros., 215 Ala. 9, 109 So. 101 (1926).
It is not disputed that Arrow recorded its certificate of judgment before the deeds that purportedly transferred the property from Trico to Betty and Charles were recorded. Therefore, unless Betty could present evidence that Arrow had actual or constructive notice of her claim to the property, Arrow would be entitled to a judgment as a matter of law.Sadie v. Martin, 468 So.2d 162 (Ala. 1985). Because Betty's complaint was filed after June 11, 1987, she must have produced "substantial evidence" that showed the existence of a genuine issue of material fact in order to defeat Arrow's motion for summary judgment. Ala. Code 1975, § 12-21-12(d); Posey v. Posey,545 So.2d 1329 (Ala. 1989).
Betty puts forth two arguments in support of her contention that Arrow had at *Page 1007 
least constructive notice of her claim to the property: (1) she contends that her continuous possession of the property, from 1982 until the present, gave Arrow actual or constructive notice that she claimed an interest in the property; or (2) she argues that the inscription of the initials "B.R.H." on the 1982 deed to Trico gave Arrow actual or constructive notice that someone other than Trico claimed an interest in the property.
As a general rule, where a third party is in possession of the premises, a purchaser of those premises or a judgment creditor is charged with constructive notice of the nature of the third party's title. Gamble v. Black Warrior Coal Co.,172 Ala. 669, 55 So. 190 (1911). However, as this Court stated inLightsey v. Stone, 255 Ala. 541, 547, 52 So.2d 376, 381 (1951):
 "[F]or possession to operate as notice, it must be open, visible, exclusive and unambiguous, not liable to be misconstrued or misunderstood. Consequently, it is uniformly held that where there is no open and visible change of possession, it does not operate as notice.
 "Hence, we have held that where the possession of the vendor and vendee is joint at the time of the sale and conveyance [or recordation of the certificate of judgment], the rule does not apply.
The joint possession does not operate as constructive notice, because there would be no visible act which is calculated to put a stranger on inquiry as to the changed attitude or status of the title."
(Emphasis added.) See Pake v. Lindsey Mill Co., 208 Ala. 569,94 So. 573 (1922); Holly v. Dinkins, 202 Ala. 477, 80 So. 861
(1919); Autauga Banking Trust Co. v. Chambliss, 200 Ala. 87,75 So. 463 (1917); Sloss-Sheffield Steel Iron Co. v. Taff,178 Ala. 382, 59 So. 658 (1912); Christopher v. Curtis-AttallaLumber Co., 175 Ala. 484, 57 So. 837 (1912); Langley v.Pulliam, 162 Ala. 142, 50 So. 365 (1909); O'Neal v. Prestwood,153 Ala. 443, 45 So. 251 (1907); Kindred v. New EnglandMortgage Security Co., 116 Ala. 192, 23 So. 56 (1897); Munn v.Achey, 110 Ala. 628, 18 So. 299 (1895); Motley v. Jones,98 Ala. 443, 13 So. 782 (1893); and McCarthy v. Nicrosi, 72 Ala. 332
(1882).
For more than two years before Arrow recorded its certificate of judgment, both Trico, as the record owner of the property, and Betty, as the occupier of the property, were in joint possession of the property. Betty's possession was attributable to the ownership of the property by the corporation owned by her husband's family and therefore did not unambiguously serve as notice of a claim by her that was inconsistent with the recorded title in Trico's name. The only deed conveying an interest to Betty was not recorded until almost one year after Arrow had recorded its certificate of judgment. At the only relevant time, the date that Arrow recorded its certificate of judgment, there had been no visible change of possession or "any visible act . . . calculated to put [Arrow] on inquiry" as to Betty's possible claim. Therefore, her possession could not operate as notice. Lightsey, supra. See First Nat'l Bank ofBirmingham v. Culberson, 342 So.2d 347 (Ala. 1977); Wiggins,supra; Autauga Banking Trust Co. v. Chambliss, 200 Ala. 87,75 So. 463 (1917); Harris v. Hanchey, 192 Ala. 179, 68 So. 276
(1915); O'Neal v. Prestwood, 153 Ala. 443, 45 So. 251 (1907);McCarthy v. Nicrosi, 72 Ala. 332 (1882).
Betty's second argument is based on the inscription of the initials "B.R.H." following the grantee clause in the 1982 deed to Trico. She contends that those initials gave Arrow notice that someone other than Trico had a claim to the property. In his order, the trial judge rejected that argument, stating:
 "To say that these initials should raise a question as to the name of the prospective purchaser is to indulge in unbridled speculation and conjecture. The placing of initials on a deed without anything more cannot be considered as sufficient to put anyone on notice of a claim of title in the property conveyed contrary to or inconsistent with the terms of the deed itself."
We agree. A basic rule of construction of deeds is that when subsequent words or *Page 1008 
markings are of doubtful import, they cannot be construed so as to contradict preceding words that are certain. Johnson v.Harrison, 272 Ala. 210, 130 So.2d 35 (1961); Kettler v. Gandy,270 Ala. 494, 119 So.2d 913 (1960). In the instant case the deed unambiguously named Trico as the grantee. The handwritten initials following that clause are certainly of "doubtful import" and cannot be used to contradict the clear meaning of the deed. Id. Those initials, standing alone, do not constitute substantial evidence of Betty's claim to the property and could not defeat Arrow's motion for summary judgment. Posey v. Posey,545 So.2d 1329 (Ala. 1989).
After reviewing the record, this Court agrees that Betty did not present sufficient — i.e., "substantial" — evidence showing that Arrow had constructive notice of her claim to the property. Arrow was therefore entitled to a judgment as a matter of law. The summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] Although Arrow's present corporate name is Merchants Transportation, Inc., we will refer to the corporation as Arrow in order to maintain consistency with the trial record. Mel Bailey, the sheriff of Jefferson County, was also named as a defendant in Betty's complaint in an additional count requesting a permanent injunction against the levy and sale of the subject property. However, Bailey's involvement in this case was minimal, and he has not filed an appellee's brief.
[2] Betty's maiden name was Betty Ruth Harper, hence the initials "B.R.H."