# Scott, *et al. v.* Colson, *et al.*

## *Ejectment.*

(Decided June 18, 1908.   47 South. 60.)

1. *Ejectment; Title; Prima Facie Case.*—Upon proof of possession in an ancestor at the time of his conveyance to a daughter, the death of such daughter and the fact that the plaintiff was a child of the daughter, and proof of the recordation of the deed soon after its execution, makes out a prima facie case in ejectment.

2. *Courtesy; Conveyances.*—Where it did not appear that the third person who conveyed to the husband had any title from the common source of title superior to that conveyed to the wife of the husband by the common source of title, the husband receiving a conveyance from such third person did not acquire any greater estate by reason of such conveyance than he had at the death of his wife which was a life estate.

3. *Life Estate; Adverse Possession.*—One holding under a life tenant cannot hold adversely to the remaindermen until after the death of the life tenant.

4. *Ejectment; Damages; Mesne Property.*—Section 1555, Code 1896, modifies the common law rule and authorizes a recovery of mesne profits as damages from the commencement of the wrongful withholding to the time of the verdict, as modified by the provisions of secs. 1535 and 1540, Code 1896.

5. *Same; Measure of Damages.*—The general rule for the measure of damages in ejectment is the fair rental value of the premises during the time of the wrongful holding.

6. *Remainders; Ejectment; Damages.*—Ejectment by a remainderman against one claiming under the life tenant within a year after the death of the life tenant carries no damages back of the date of the death of the life tenant.

7. *Same.*—Where one holding under a life tenant had a growing crop on the land at the time of the bringing of a suit in ejectment by the remainderman, after the death of the life tenant, he may retain the land for the purpose of gathering the crop under the provisions of section 1552, Code 1896.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by James L. Coulson and others against Felix Scott and others.   From a judgment for plaintiffs, defendants appeal.   Reversed and remanded.

[Scott, et al. v. Colson, et al.]

Plaintiff claimed through a deed from Isaac Clarke and wife to Jerusha Clarke, of date July 18, 1838, and from Jerusha Clarke, who became Jerusha Gullatt, and her daughter, Juliet Gullatt, who become Juliet Coulson, the mother of the present plaintiff. Proof tended to show that Juliet Coulson died 15 or 16 years prior to the trial of the cause, and that James Gullatt, her father, died June 12, 1906. Proof further tended to show the possession of Clarke at the time of the execution of the deed. The defendants offered a deed, made by J. Whitten as commissioner and trustee for the Branch Bank at Decatur, of date July 21, 1859, to James M. Gullatt; a deed from James M. Gullatt to John Snodgrass, of date January 1, 1857; a deed from Thomas Snodgrass to John Snodgrass, of date November 27, 1865; and a deed from William E. Snodgrass to Texas Snodgrass, one of the defendants in the case.

J. B. TALLEY, and BILBRO & MOODY, for appellant.— Although plaintiffs had title and their right of possession at the time of the trial may be perfect, if for any cause, the right of possession was intercepted plaintiff cannot recover.—*Cofer v. Sheening*, 98 Ala. 338. If Gullatt had a life estate defendants succeeded to it and were entitled to retain possession of the land for the purpose of gathering growing crops.—16 Cyc. 62, and authorities in note 69. Under the evidence Gullatt took no estate by courtesy.—8 A. & E. Ency. of Law, 510.

W. H. NORWOOD, L. C. COULSON and J. H. GREGORY, for appellee.—Gullat was a tenant for life and any purchase by him of an outstanding title inured to the benefit of the plaintiff.—16 Cyc. 617. By the voluntary act of defending the ejectment suit the appellant become li-

able for resultant damages.—*McCaskle v. Amerine,* 12 Ala. 18. The court properly apportioned the damages. —*Price v. Pickett,* 21 Ala. 741; *Perry v. Aldrich,* 36 Am. Dec. 493; 16 Cyc. 622.

ANDERSON, J.—There was proof that Isaac Clarke was in possession of the land at the time he conveyed it to his daughter, Jerusha Clarke, who subsequently married James M. Gullatt. She died leaving one child, the mother of the plaintiffs, and her husband, James M. Gullatt, who died June 14, 1906. The deed from Clarke to his daughter was recorded July 26, 1838. The plaintiff's therefore made out a prima facie case. The defendants relied upon a title acquired through Gullatt, who had but a life estate in the land and did not hold the same adversely to the remaindermen, his daughter and her children (these plaintiffs), after her death. The conveyance from the Decatur Bank to Gullatt did not increase his estate; for even if he did not discharge the claim recited therein for the benefit of the remaindermen, he did not thereby acquire a title superior to the heirs of his wife, as there is no proof that the bank had any title from Isaac Clarke superior to that conveyed by him to his daughter in 1838. Nor could the defendants hold adversely to the plaintiffs, they holding under the life tenant, until after the death of said life tenant.

The plaintiffs became entitled to the land upon the death of the life tenant, and no sooner, which was less than a year before the trial; and the trial court erred in charging the jury to assess damages for one year. Under the common law, only nominal damages were recoverable in actions of ejectment, but the rule has been modified by our statute, so as to authorize a recovery of mesne profits. "The statute by its own terms limits the damages to what is known as 'mesne profits;' compen-

sation for use and occupation"—meaning damages from the commencement of the tortious withholding to the time of the verdict (section 1555, Civ. Code 1896; *Prestwood v. Watson,* 111 Ala. 610, 20 South. 601; *Morris v. Beebe,* 54 Ala. 300) ; the exception to the rule being the cases covered by section 1535 and 1540 of the Code of 1896, where damages cannot be assessed for over one year, regardless of the length of the holding (*Turnipseed v. Fitzpatrick,* 75 Ala. 304). The general rule for the measure of damages, when authorized, in actions of ejectment, would seem to be the fair rental value of the property during the period of the tortious holding. Waverlee on Ejectment, § 540. There was no tortious holding of the land prior to the death of the life tenant, and the trial court erred in authorizing the jury to assess damages beyond the date of the death of the life tenant.

The trial court did not err in refusing the charges requested by the defendant. If defendants had a growing crop on the land, they were protected by section 1552, Civ. Code 1896, which expressly provides for the retention of land to gather a growing crop.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J. and DOWDELL and MCCLELLAN, JJ., concur.