(85 South. 284)

PROFILE COTTON MILLS v. CALHOUN WATER CO. (7 Div. 62.)

(Supreme Court of Alabama. Feb. 5, 1920. On Rehearing, May 20, 1920.)

1. **Ejectment** ⬡71—**Responses to complaint held indefinite as to possession disclaimed and admitted.**

Responses to complaint in ejectment, making disclaimer of possession of part and admission of possession of the remainder, *held* indefinite as to possession disclaimed and that admitted.

2. **Ejectment** ⬡69—**Allusion to authority in response to complaint held a description of a past fact, and not an assertion of right or defense.**

Allusion to authority in responses to complaint in ejectment, disclaiming possession except of part occupied by a pumphouse "formerly erected thereon by license of G.," is but a description of a past fact, and not an assertion of a right or defense.

3. **Ejectment** ⬡81—**Joinder of issue on responses to complaint held to put in issue only disclaimer of possession.**

Joinder in issue on responses to complaint in ejectment, making disclaimer of possession of part and admission of possession of the remainder, only puts in issue the disclaimer.

4. **Appeal and error** ⬡1012(1)—**Findings not disturbed, if not against great weight of evidence.**

The evidence being in the main ore tenus, the trial court's conclusions will not be disturbed, unless plainly against the great weight of evidence.

5. **Ejectment** ⬡132—**Mesne profits recoverable are the fair rental value.**

Mesne profits recoverable in ejectment comprehend only compensation for use and occupation, measured by the fair rental value during the tortious holding.

On Rehearing.

6. **Ejectment** ⬡95(1)—**Evidence held to sustain finding of possession.**

Evidence in ejectment *held* to sustain finding of possession.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Ejectment by the Calhoun Water Company against the Profile Cotton Mills. Judgment for plaintiff, and defendant appeals. Affirmed.

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

James F. Matthews, of Anniston, for appellant.

The court erred in finding that appellant was in possession of certain tracts of land described as being beneath or underneath the dams, pipes, pipe line, and water box, and in finding for appellee on appellant's plea of disclaimance. Section 3843, Code 1907; 199 Ala. 74, 74 South. 238; 186 Ala. 524, 64 South. 611; 195 Ala. 29, 70 South. 756; 74 Ala. 408; 139 Ala. 293, 35 South. 877; 66 Ala. 417; 54 Ala. 300; 124 Ala. 406, 26 South. 909; 73 Ala. 122; 37 Barb. (N. Y.) 244; 74 Ga. 520, 58 Am. Rep. 445; 9 Serg. & R. (Pa.) 26, 11 Am. Dec. 658. As to what constitutes actual possession, see 111 Ala. 589, 20 South. 443; 31 Cyc. 924. Dispossession is defined in the following cases: 18 Corp. Jur. 1282, 45, 5; 15 Cyc. 53; 74 Ala. 122. There was no basis for the assessment of damages for the detention of the land. 54 Ala. 300. Therefore the court erred in receiving evidence of the reasonable value of the use and occupation of the land and the water pipes. 3 Port. 382, and authorities supra.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

Counsel discuss authorities cited by appellant and insist that this case is ruled by the case of Quicksilver v. Hicks, 20 Fed. Cas. 134, No. 11508 (4 Sawy. 688).

McCLELLAN, J. Statutory ejectment, instituted by the appellee against the appellant, to recover a certain plat of land in Jacksonville, previous litigation with respect to which may be found stated and reported in Profile Cotton Mills v. Calhoun Water Co., 189 Ala. 181, 66 South. 50; same case, 201 Ala. 483, 78 South. 389. As finally amended, the complaint contained two counts, substantially in the Code form. The plea of "not guilty" being withdrawn, the other matter asserted by the defendant (appellant) in response to the complaint before its last amendment does not appear to have been refiled to the counts as finally amended. The only response shown by the record to have been made by defendant to the complaint as last amended was this:

"B. Comes the defendant, and for answer to the second count of the complaint as last amended disclaims possession of the land therein described, except as to a pumphouse located on the lot described as lot number one hundred thirty (130) according to the old plan of the town of Jacksonville, and occupying about eighty (80) square feet of said lot, as to which defendant claims no title, but admits possession of said pumphouse.

"C. For further answer to the first count, and the second count of the complaint as last amended, defendant disclaims possession of the land therein described, except for a part or parcel thereof consisting of about eighty square feet and occupied by a small pumphouse formerly erected thereon by license of one George P. Ide."

[1-4] The minute entry, under date June 28, 1919, recites, without other definition, that issue was joined—a recital that, on this record, can be alone referred to the matter asserted in the above-quoted responses, B and C. The nature and whole effect of these responses was a disclaimer, not a denial, of possession of all of the lands described in the complaint except that occupied by the "pumphouse," as to which there was express admission of possession. No objection was taken to the sufficiency of these responses. In the interest of the necessity for definiteness in judicial proceedings of this nature, it may be noted that these responses were faulty in omitting appropriate reference to the possession disclaimed, as well as that admitted, either to the time the action was commenced or otherwise, and also in respect of the descriptions of the part as to which disclaimer was made and the part as to which possession was admitted. Howard v. Martin, 181 Ala. 613, 62 South. 99; Callan v. McDaniel, 72 Ala. 96. The allusion in response C to the authority under which the pumphouse was "formerly erected" was but descriptive of a past fact, and not the assertion of an affirmative right or defense.

The joinder in issue, recited as stated before, cannot be accorded the effect of a denial by the plaintiff of the admission by the defendant of defendant's possession of the part of the land occupied by the pumphouse. The joinder in issue on these responses served only to put in issue the disclaimer averred therein. Wade v. Gilmer, 186 Ala. 524, 64 South. 611, citing earlier decisions. No question of title vel non to the land described in the complaint was involved. It is a mistake to suppose, as is argued for appellant, that the general rule that ejectment will not lie to recover an easement or servitude (Tenn., etc., Co. v. East Ala. Ry. Co., 75 Ala. 516, 523, 51 Am. Rep. 475) has any application to this contest; the action being to recover the land described in the complaint, not an easement therein. The evidence being, in the main, ore tenus, the conclusion attained by the trial court will not be disturbed on appeal, unless plainly opposed to the great weight of the evidence. McCay v. Parks, 201 Ala. 647, 79 South. 119, among many others previously decided.

Aside from the fact that a map introduced on the trial is not in this record, the legal evidence presented forbids a conclusion, under the rule just stated, that the trial court erred in its finding of fact upon the disclaimer interposed by the defendant. Wade v. Gilmer, supra. There being no prejudicial error in admitting evidence tending to show the defendant's possession of the land in question, the further consideration of the ap-

peal is restricted to the question of the damages the plaintiff was entitled to recover.

[5] The only damage claimed in the complaint (Code form) was for wrongful detention. This claim included only "mesne profits," which has been regarded as comprehending alone "compensation for use and occupation," and the measure of damages in such circumstances is "the fair rental value of the property during the period of tortious holding." Scott v. Colson, 156 Ala. 450, 47 South. 60, citing Warvell on Eject. § 540; Prestwood v. Watson, 111 Ala. 604, 610, 20 South. 600. There is no claim in the complaint for damages recoverable, in proper cases, under the provision of Code, § 3839 (Quinn v. Pratt Coal Co., 177 Ala. 434, 59 South. 49), added to the parent section in the Code of 1907. Whether the facts of this case would have authorized or justified a claim for other damages, within the new provision added to Code, § 3839, is not, of course, considered or decided.

The several questions and answers relating to the damages for detention, the rental value of the property in question, quoted in the assignments of error, were designed to elicit and did elicit testimony appropriate as tending to show the amount of damages recoverable under the rule reproduced above from Scott v. Colson, supra.

No prejudicial error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

McCLELLAN, J. [6] Aside from any other evidence in this record bearing on the issue of possession vel non of parts of the Jack Fish tract in question, the probative effect of the following statement in appellant's answer to interrogatories, propounded by the appellee, precludes a conclusion by this court at variance with the trial court's finding that the appellant was in possession of the part of the tract that underlay the dam and pipe lines:

"Defendant is unable to say, without incurring the expense of a survey of the lands described in the complaint whether or not it is in possession thereof. It is *in possession of such part of the land* known as the Jack Fish Alley 10-acre lot, adjoining its lands in the town of Jacksonville, as is *occupied by a dam* at the junction of the spring branch and the Williams branch, and of the pipe line through said lot conveying water from the public spring in Jacksonville to defendant's mill village; also of a pumphouse on said lot used by defendant for pumping water through said pipe line, dam, and pumping house, with the right of ingress and egress to and from said lot incident to said user. These rights defendant derives and claims from one George P. Ide, by reason of the fact that said Ide erected said structures on said lot at the expense of defendant in his capacity of vice president or other officer of defendant in 1904–5 and 1906–7." (Italics supplied.)

In view of the unmistakable effect of this language of the answer to interrogatories, in connection with the statement in disclaimer C (reproduced in the original opinion, ante), wherein it was admitted that defendant was in possession of that "part or parcel" of the land occupied by the "pumphouse"; and in view of the concession, in brief (p. 15), in support of the application for rehearing, that the defendant was "in possession * * * of the land under the dam," the conclusion is unescapable that this proof strongly contributed to invite, if not require, the trial court to decide that the defendant was in exclusive possession of those parts of the tract in suit upon which the dam, water intake, and pumphouse were constructed, and in which the pipe lines were laid. No distinction is indicated or expressed in the answer to interrogatories between the admitted possession of the areas occupied by the dam and pumphouse and the character of occupancy effected by the pipe lines laid in the soil. The phrase, in the answer to interrogatories, "and of the pipe line through said lot," is of like grammatical structure to that referring to the pumphouse, viz., "also of a pumphouse on said lot," which in disclaimer C is admitted to be a "possession" of the "part or parcel" of the land occupied by the "pumphouse."

Between the possession of the land occupied by the pumphouse and by the dam and that occupied by the pipe lines the difference is only in degree in the areas appropriated. The quoted phrases of the answers to interrogatories cannot be accorded different effects. In respect of their statement of the possession of the areas thus occupied, those phrases express the same idea, and at least pointedly contribute to establish the affirmative of the issue of exclusive possession, by the defendant, of the areas occupied by these structures and the equally permanent pipe lines. The facts presented in Bartholomew v. Edwards, 1 Houst. (Del.) 17, and in Wilklow v. Lane, 37 Barb. (N. Y.) 244, were materially different from those presented in this record. Neither in respect of their doctrine nor of their concrete effect are those decisions applicable to the facts of the present case.

The conclusion of the trial court on the issue of possession vel non by the defendant being justified by the evidence, the damages recoverable were those falling within the rule stated in Prestwood v. Watson, supra, and in Scott v. Colson, supra, viz. "compensation for use and occupation," which necessarily comprehends the continual valuable benefits immediately resulting to the defendant from its possession of the parts of the land occu-

pied by its structures and through which it was enabled to appropriate the water needed to supply its plant and operatives.

The application is denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.