148 So. 123

### FEDERAL LAND BANK OF NEW ORLEANS v. FARRIS.

### 4 Div. 704.

Supreme Court of Alabama.

May 11, 1933.

B. W. Smith, of Samson, and A. A. Smith, of Hartford, for appellant.

Mulkey & Mulkey, of Geneva, for appellee.

BROWN, Justice.

This is a statutory action in the nature of an action of ejectment for the recovery of certain lands, together with damages for the detention thereof, and the sole question presented by the assignment of errors is the measure of the plaintiff's damages.

The plaintiff is a mortgagee who foreclosed and became the purchaser at the foreclosure sale.

The mortgage was given to secure a loan, payable in yearly installments running through a number of years, with the provision that, on failure of the mortgagor to pay in full any one of said installments, the mortgagee reserved the option to declare the entire indebtedness due and foreclose.

An installment of $450 became due and payable on November 15, 1930, on which $150 was paid in December, 1930, and which was entered to the credit of the mortgagor. The mortgagor failed to pay the balance due on said installment, and on September 16, 1931, the plaintiff foreclosed, purchasing at the foreclosure sale, and on said date the plaintiff gave the defendant the following notice: "Possession is demanded of you of the following described real estate situated in Geneva County [describing the lands]. Possession of said lands is demanded by virtue of default in the payment of the indebtedness secured by mortgage executed on said lands on the 15th day of November, 1926, the mortgagee having elected to enter and take possession of said premises, and also by virtue of the purchase of said property at the sale under said mortgage held on the 16th day of September, 1931, and you are given the time allowed by law to vacate said premises, and the undersigned hereby gives notice that they will claim reasonable rents on said premises during the remainder of the term, and unless you attorn to, the undersigned action of ejectment will be brought for the possession of the lands."

The defendant failed to surrender possession or attorn to plaintiff, and this action was filed on the 8th day of October, 1931.

On the trial the plaintiff offered evidence going to show the reasonable rental value of the land for the entire year 1931. The defendant objected to this evidence on the ground that plaintiff was only entitled to recover mesne profits for the time of the unlawful holding. The court sustained this objection, and because of this adverse ruling the plaintiff took a nonsuit, and judgment was rendered accordingly.

The mortgage, though it vested in the mortgagee the legal title to the land, recognized in the mortgagor the right to retain the possession, use, and enjoyment thereof, and, until condition attached to the estate it conveyed was discharged by the default of the mortgagor, this right in the mortgagor continued.

■■ The failure to pay one of the installments, or a part thereof, did not in and of itself discharge the mortgage of its condition, but, at most, conferred on the mortgagee the option to treat such default as an act maturing the entire indebtedness, and, until the mortgagee elected to declare the default, the right of the mortgagor to retain the possession and use of the property continued, and his holding was not tortious, and did not become so until he failed or refused to vacate the premises on demand of the mortgagee purchaser. By the terms of the notice, and the statute (Code 1923, § 10143), the mortgagor had ten days from the service of the notice within which to quit possession. The notice was served on the defendant on September 17, 1931; therefore, his holding did not become tortious until September 27, 1931.

■ It is well settled that, in actions of ejectment or statutory actions in the nature thereof, the plaintiff's right to recover mesne profits as damages for wrongful detention of lands accrues with the commencement of tortious holding by the defendant. Scott et al. v. Colson et al., 156 Ala. 450, 47 So. 60; Profile Cotton Mills v. Calhoun Water Co., 204 Ala. 243, 85 So. 284; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101.

Connecticut General Life Ins. Co. v. Smith (Ala. Sup.) 145 So. 651,[1] was an action for money had and received by the mortgagee purchaser at the foreclosure sale, against the purchaser of crops raised on the mortgaged lands which had been let by the personal representative of the mortgagor, after the law day of the mortgage and the default of the mortgagor, to tenants from whom rents had been reserved, and in part accruing after foreclosure. Federal Land Bank of New Orleans v. Wilson, 224 Ala. 491, 141 So. 539, also involved rents in arrears and accruing after foreclosure reserved by Wilson from his terre-tenant, Smith, within the influence of the statute limiting the liability of the tenant to "the rents in arrears" and accruing during the continuance of the tenant's possession. Code 1923, § 7459.

In the instant case no rents were reserved, and the possession of the defendant did not become tortious, as we have shown, until after foreclosure, demand and failure or refusal of the defendant to quit possession, and the authorities last above noted are without application.

■ Another thought, the mortgagee was entitled to compute interest on the mortgage debt to the date of foreclosure, and therefore is not, on abstract principles of justice, entitled to recover rents from the mortgagor until his possession of the property becomes tortious.

---

[1] Ante, p. 142.

The rulings of the circuit court are in harmony with these views.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur: