169 So.2d 21

John Hoke SMITH et al.

v.

Katie Mae JACKSON.

3 Div. 118.

Supreme Court of Alabama.

Nov. 19, 1964.

Jones & Nix, Evergreen, for appellants.

Horne, Webb & Tucker, Atmore, for appellee.

PER CURIAM.

Appellee filed statutory ejectment in the Circuit Court of Conecuh County against appellants to recover possession of sixty acres of land described in the complaint, together with lawful damages for detention.

The trial court directed the jury to return a verdict in favor of plaintiff for the lands described in the complaint, but left it up to the jury to say how much, if any, damages for detention plaintiff was entitled to recover.

The jury, responding to the direction of the court, returned a verdict for plaintiff, but did not assess any damages for detention.

A judgment, based on the verdict, was rendered by the court and entered according to law. From the judgment defendants in the court below here appeal to review some of the rulings of the trial court.

Appellants have made a number of assignments of error, but we will consider only those of legal efficacy which are insisted on in appellants' brief and sufficiently argued. Rule 9, Revised Rules of the Supreme Court, effective June 1, 1955, 261 Ala.Preface, pp. XIX, XXII.

Adequate specifications of errors relied on are necessary if our review is to be invoked. Knight et ux. v. Taylor Real Estate & Ins. Co., 38 Ala.App. 295, 83 So.2d 353(3), cert. denied, 263 Ala. 699, 83 So.2d 356.

Appellant assigns as Error No. 1, "For that the verdict of the jury is contrary to the law in the case." This assignment presents no question for review. King v. Jackson, 264 Ala. 339, 87 So.2d 623; Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736.

The only assignment of error directly specified in appellants' brief and sufficiently argued is No. 28, reading, "For that the trial court erred in directing the jury to render a verdict for plaintiff in ejectment." If this direction was free of error, the trial court was justified in refusing several written charges for defendant that appear in appellants' brief, but not adequately argued.

C. B. Smith died on August 2, 1935. At the time of his death, he left appellee as his widow (who has since remarried), and two minor children allegedly born to their marriage. In addition he left surviving him six children by his first wife, one of whom, Elbert Smith, died in 1944 unmarried, intestate, and without issue. The five surviving children by his first wife were made parties defendant to this ejectment suit, which was filed December 29, 1962.

Gabe Booker and Samuel Booker, parties defendant along with the five children above mentioned, are sons of a sister of C. B. Smith. They claim possession as tenants of the five surviving children by the first wife.

At the time of C. B. Smith's death on August 2, 1935, he owned and occupied as a homestead with plaintiff, his second wife, sixty acres of land, the subject of this

ejectment suit, which, by final decree of the Circuit Court, in Equity, of Conecuh County was, on November 11, 1946, set apart to plaintiff and her two minor children as a homestead for her life and during the minority of the children. There was no appeal.

The decree setting apart the homestead was the culmination of a suit filed by appellants (except the Bookers) in the Circuit Court of Conecuh County, in Equity, against appellee (the second wife) and her two children, to sell the lands for division of the proceeds of sale among the joint tenants. The bill of complaint alleged that complainants (the five children who are appellants here) were joint owners and tenants in common of said land.

The respondents, namely, the widow and her two minor children, filed a cross-bill to have the lands set apart to them as a homestead. The cross-bill contained the necessary jurisdictional allegations. The parties, acting through their respective solicitors of record, entered into an agreed statement of facts upon which the trial court acted in rendering its decree. The agreement stated jurisdictional and other facts that supported the decree.

The original bill of complaint, the agreed statement of facts and the final decree, after proper identification, were correctly admitted in evidence in the suit at bar at the instance of plaintiff to support her right to possession of the lands pursuant to the cross-complaint.

On the trial of the case at bar, defendants offered to prove, by documentary evidence, that the subject lands, which were assessed to C. B. Smith in 1934, were sold for payment of the 1934 taxes; that the sale took place on August 15, 1935 (which was thirteen days after the death of C. B. Smith); that at said sale one C. A. Jones became the purchaser and received a certificate of purchase (§ 256, Act No. 328, General Acts 1919, pp. 282, 357); that on February 25, 1939, he assigned or transferred said certificate, in writing, to Elbert Smith; that the Judge of Probate of Conecuh County, on September 24, 1954, executed and delivered a tax deed conveying the land to appellants (except the Bookers); that said tax deed was executed and delivered as a muniment of title to the purchase made by C. A. Jones who, as stated above, transferred and assigned the certificate of purchase to Elbert Smith, a brother of the five appellants. The contention is that the five appellants are entitled to his right, title, interest and right of possession in and to said property.

Plaintiff during the trial did not challenge the validity of the tax sale and subsequent proceedings (Messer v. City of Birmingham, 243 Ala. 520, 10 So.2d 760(3); § 240, Act No. 328, General Acts 1919, pp. 282, 352) nor is any question here made or raised as to such validity. However, plaintiff did object to the admission of the several documents, namely, the certificate of purchase, the transfer, and the tax deed and all oral evidence relative thereto. The trial court sustained the objections. While the respective assignments of error relative to these rulings are not mentioned by number in appellants' brief, they are referred to and argued. We will consider them.

Appellants contend that the final decree of the circuit court, in equity, in setting apart the lands to the widow and minor children, to which proceedings appellants (except the Bookers) were parties, was based on an error of fact "and has no foundation in law or in equity for, under the law, homestead rights do not attach to lands which are not held either in fee, or for life, or a term of years as above noted and in this case it was not owned by C. B. Smith for the same had been sold * * *."

But this contention does not take into consideration that at C. B. Smith's death on August 2, 1935 (thirteen days prior to the sale), he owned and occupied the lands as a homestead, which ownership and occupancy gave vitality to the right of his widow to have the lands set apart to her-

self for life and to the minor children during their minority. Code of Alabama 1923, § 7882 (now Title 7, § 625).

■ The decree of the trial court setting apart the homestead to plaintiff and her minor children was binding on appellants—those who are the children of C. B. Smith, deceased. They were parties to the proceeding and had every opportunity to assert their right of possession, if any, as the heirs of Elbert Smith, deceased, their brother.

■ Right of possession accrued to Elbert Smith during his lifetime. This is true in the light of § 280, Act No. 328, General Acts 1919, pp. 282, 364, which reads as follows:

> "The State or any other purchaser of lands at a tax sale, or any one claiming under him, may, after the expiration of six months from the day of sale, maintain an action of ejection or of unlawful detainer, or a statutory real action in the nature of ejection, for the recovery of the possession of the lands purchased at such sale, and shall be entitled to hold the possession thereof, on a recovery, but subject to the right of redemption hereinafter provided for.
> * * * "

For a provision of law of like import, see § 287, Title 51, Code 1940.

As to the right of an assignee of the certificate of purchase, see § 260, Act No. 328, General Acts 1919, pp. 282, 358, which reads:

> "The certificate of purchase delivered by the tax collector to the purchaser at such sale, or to the State, in case the State is the purchaser, is assignable in writing or by endorsement, and if the State is the purchaser such assignment shall be made by the State auditor * * * and the assignment thereof vests in the assignee and his legal representatives all the right and title of the original purchaser or of the State, in case the State is the purchaser."

Of the same tenor is § 270, Title 51, Code 1940.

So if the five appellants succeeded to the rights of their deceased brother, Elbert Smith, as they contend, they had the right, before final decree in the suit they filed to sell the land for division, to assert their right to possession of the land, which they did not do. A final decree was rendered giving such possession to the widow and minor children for her life and during the minority of the latter, to the exclusion of the appellants—brothers and sisters of Elbert Smith.

■ As to these five appellants, their right of possession was adjudicated adversely to them. In A. B. C. Truck Lines, Inc. v. Kenemer, 247 Ala. 543, 25 So.2d 511(11), we approved a pronouncement of Chief Justice Hughes, speaking for the Supreme Court of the United States in the case of Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378, 60 S. Ct. 317, 84 L.Ed. 329, as follows:

> " * * * res judicata may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.' " (247 Ala. 548, 25 So.2d 515)

■ We hold in the case at bar that appellants (heirs of Elbert Smith) having failed to assert their right of possession as they here contend when they had an opportunity to do so in the equity proceedings wherein plaintiff successfully asserted her right of possession during her life, the final decree is res judicata and is beyond collateral attack in this proceeding. In so holding we follow the pronouncements of this court in the case of Ware et al. v. Kent, 123 Ala. 427, 26 So. 208(1), wherein we held that a judgment nunc pro tunc cannot be impeached collaterally. Also see Watts v. Frazer, 80 Ala. 186(5). We also held in Johnson v. Johnson, 182 Ala. 376, 62 So. 706(9), as follows:

"In this state it is settled that any attempt to impeach and annul a judgment other than by direct appeal, or by a direct proceeding in the court that rendered the judgment, before the expiration of the term at which it was rendered, is a collateral attack. * * * This, of course, does not deny the well-settled jurisdiction of equity to review judgments founded on fraud, accident, or mistake and to review final judgments and decrees in a few cases as prescribed by statutes. * * *" (182 Ala. 385, 62 So. 709)

We hold that the attack here undertaken on the decree setting apart the homestead is a collateral attack and unavailing.

 As we have already observed, the certificate of purchase gives the purchaser at the tax sale, or his assignee in writing and his legal representatives, the right to recover possession of the lands and to hold such possession, but subject to the rights of redemption. The certificate, however, does not divest title.

The tax deed conveys to and vests in the grantee all the right, title, interest and estate of the person whose duty it is to pay the taxes on such real estate, and the lien and claim of the state and county thereto, but not the right, title or interest of the reversioner or remainderman therein. § 276, Title 51, Code 1940; § 266, Act No. 328, General Acts 1919, pp. 282, 360.

The tax deed, which was offered in evidence, does not add anything to the right of possession that existed, if at all, in favor of appellants (the five children) at the time of and before adjudication of possession by the trial court in the equity suit. It purports to convey title to appellants. It was inadmissible in the case at bar.

Anticipating that in the future some litigation might arise between the two minor children of plaintiff and the five present appellants seeking to determine the title as between said potential litigants, we withhold further comment as to the status of the title. It is unnecessary to determine in this suit what rights, if any, passed to appellants by virtue of the tax deed. The issue here decided is the right of possession as between appellee and appellants and not the status of the title to the land.

The rulings of the trial court in refusing to admit in evidence the several documents emanating from the tax sale, and also the directed verdict, were free from error.

The judgment of the trial court is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.