251 So.2d 622

John B. MATHERS, Individually, and Doing Business as Mathers Furniture Company, Incorporated,

v.

Mattie TAYLOR.

1 Div. 44.

Court of Civil Appeals of Alabama.

Aug. 11, 1971.

David O. Bark, Mobile, for appellant.

Matranga, Hess & Sullivan, Mobile, for appellee.

WRIGHT, Judge.

Plaintiff below, Mattie Taylor, brought suit, containing counts of conversion and trespass to land against defendant, John B. Mathers and Mathers Furniture Company, Incorporated. A general verdict was returned in favor of plaintiff in the amount of $4,235.00. Judgment was duly entered. After denial of motion for new trial, appeal was taken by defendant below from the judgment and denial of motion for new trial.

Plaintiff's evidence tended to show that she was the owner of an Arvin TV set which was located in her home. On April 9, 1969, while she was at work, two men came to her home and took the TV set away. Her 12-year-old son was at home at the time. The men pushed him aside, one of them saying he was the sheriff, and took the TV. Plaintiff upon arriving home called the police and reported the TV stolen. Being informed that it did not appear to be a police matter, but a civil matter, she called defendants' place of business and asked Mathers why he had taken the TV. Mathers told her he had it and it was his. She had previously talked with Mathers over the phone on several occasions and knew his voice. Plaintiff's TV had not been purchased from defendant.

Defendant had sold plaintiff's son-in-law an Arvin TV set, and had been informed it was located at plaintiff's address. The son-in-law did not reside there nor was the TV located there at the time of the act sued upon. Defendant denied that he or employees of his corporation took the TV.

There was other evidence introduced, but the issues presented were whether defendant committed the conversion and/or trespass and did so under circumstances warranting awarding of punitive damages.

Defendant-appellant has made 6 assignments of error, but has only presented argument in brief as to assignments 1, 2 and 5. Those errors not argued in brief are waived. Supreme Court Rule 9. Smith v. Jackson, 277 Ala. 257, 169 So.2d 21.

Assignments of error 2 and 5 are argued jointly in brief. Assignment 2 charges error in overruling appellant's motion for new trial. Assignment 5 is that the verdict and judgment are contrary to the evidence. Thus assignment 2 and assignment 5 are in effect the same assignment of error. Assignment 5 was one of the grounds of the motion for new trial, and the only ground argued in brief. Only grounds of a motion for a new trial sufficiently argued in brief may be considered on appeal. State v. Goodwyn, 272 Ala. 618, 133 So.2d 375; Henry v. Jackson, 279 Ala. 225, 184 So.2d 133.

Upon consideration of the transcript of the evidence we are of the opinion that the evidence and the reasonable in-

**126**

ferences possible to be drawn therefrom sufficiently support the verdict and judgment. We think the evidence previously narrated hereinabove supports our opinion without further discussion. There has been nothing presented by appellant in brief which overcomes the presumption of correctness of the jury's verdict and the strengthened presumption thereof resulting from the overruling of motion for new trial. Robbins v. Voight, 280 Ala. 207, 191 So.2d 212.

■ Assignment of error 1 attacks the order overruling demurrer to the complaint as amended. We are not clear as to the point attempted to be made by appellant in argument. The ground or grounds of demurrer relied on in argument are not stated. We assume, as did appellee in brief, that the ground of demurrer to which argument of appellant in brief relates to is ground 3. Ground 3 is as follows: "For aught that appears, an agent, servant or employee of the defendant's is the person who committed the trespass and it is not alleged said person was acting within the line and scope of authority for the defendants."

It is the apparent argument of appellant, that since counts 1 and 2 are phrased in the form of code counts, and that counts 3 and 4 begin as code counts but develop into charges of willful and intentional conduct by defendants, that there arises some distinction in the application of Title 7, Section 217(1), Code of Alabama 1940 (Recompiled 1958). Appellant states "that count 3 of plaintiff's amended complaint and count 4 thereof make the case now before this Honorable Court directly in line with the Aggregate Limestone Co. v. Robinson, and Foster v. Floyd cases." Appellant then proceeds to quote from Aggregate Limestone Co. v. Robinson, 276 Ala. 338, 161 So.2d 820, completely out of context.

It appears appellant is contending that the complaint is demurrable because it was not alleged therein that the acts complained of were committed by an agent, servant or

employee of the defendants, since the form of the complaint was in code counts.

We are unable to follow this reasoning. We believe that the case of Aggregate Limestone Co. v. Robinson, supra, is "directly in line", but as authority in favor of the court's ruling on demurrer, not as authority opposed to it.

We consider the statement in *Aggregate Limestone* as to the meaning and effect of Title 7, Section 217(1) perfectly clear. That statement is as follows:

"* * * The plain meaning of this is that where proof that an agent committed an intentional, wanton, or negligent act while in the line and scope of his employment, liability for such act would be imputed to the principal, regardless of the actual participation of the principal in the intentional, wanton or negligent act or omission under the doctrine of respondeat superior. * * *"

We are unable to see any distinction in application of the rule whether the cause of action be stated in code form or otherwise, if the proper proof be adduced by the evidence. We do not consider assignment of error 1 well taken.

Finding no merit in errors assigned, we affirm the judgment of the trial court.

Affirmed.