EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a statutory ejectment case.
The plaintiffs complaint sought the possession of certain land and damages for its detention. In her answer the defendant disclaimed any interest, legal or equitable, in and to the suit property.
At the nonjury trial it was uncontradict-ed that in July 1977 the plaintiff, through inheritance from her father, became and still remains the owner of the property, and that, at that time and ever since, the defendant possessed a portion of the plaintiffs land. The defendant owns adjoining property upon which is located a motel. The motel’s field lines for its septic system are situated upon the plaintiff’s real estate. The plaintiff did not demand possession of *147 the land from the defendant prior to filing her complaint. The plaintiff testified that the reasonable rental value of the part of her property which was used by the defendant was $50 per month. As was stated in the defendant’s brief, the sole contested issue at the trial was the amount of damages, if any, to be awarded to the plaintiff. The trial court rendered a judgment for the plaintiff for the possession of the property, and entéred a judgment for the plaintiff and against the defendant for $3,450 for the use, detention, and occupancy of the land. That figure is obviously an award of $50 for each of the sixty-nine months from July 1977 to the date of the trial.
The defendant has appealed and complains that the evidence was inadequate and that an excessive judgment was rendered against the defendant. The plaintiff’s motion to strike the defendant’s brief is overruled. The plaintiff has filed no brief in this court.
A plaintiff may recover for mesne profits and for other damages in a statutory ejectment action. § 6-6-280, Code 1975. Only mesne profits are here involved. The term “mesne profits” has been stated to mean compensation for the use and occupation of land which is the fair rental value of the property during the period of the tortious holding. Profile Cotton Mills v. Calhoun Water Co., 204 Ala. 243, 85 So. 284 (1920); Scott v. Coulson, 156 Ala. 450, 47 So. 60 (1908). The Profile Cotton Mills case is cited by general legal treatises as authority for the proposition of law that, ordinarily, mesne profits consist of the reasonable rental value of the real estate during the period of the defendant’s wrongful possession or occupancy of it. C. McCormick Handbook of the Law of Damages, § 126 (1935); 28 C.J.S. Ejectment § 144 (1941). The general definition of “mesne profits” is the value of the use or occupation of land during the time that it was wrongfully possessed by one, and it is commonly measured in terms of rents. Black’s Law Dictionary 893 (5th ed. 1979). The courts of this state in employing the words “tortious holding” did not mean that it was essential that the defendant commit a separate tort in order for the plaintiff to recover mesne profits in a statutory ejectment action, but “tortious” is used synonymously with “wrongful.” Our supreme court has held that the words “during the detention” mean the same thing as “during the period of tortious holding.” Wiggins v. Stewart Brothers, 215 Ala. 9, 109 So. 101 (1926).
The defendant claimed no interest whatsoever in the property and that disclaimer included and extended to any right to its possession. The evidence does not disclose the reason the defendant possessed the land of the plaintiff for the previous sixty-nine months. The record, evidence, and the defendant’s brief are entirely devoid of any lawful reason or right which the defendant claimed at any time in order to possess the land, such as the defendant being a licensee, a lessee, or a tenant. Since she had no legal interest in the property and no possessory right in and to the plaintiff’s land, the defendant's possession of it was wrongful and mesne profits were recoverable from her.
In some instances a demand by a landowner of an occupant for the possession of the land is necessary to terminate the occupier’s right to possession. This is true where the person who occupies the land was originally rightfully in possession of it. Accordingly, a demand for possession is ordinarily essential to end the right of possession of a tenant at will, or of a licensee, or of a mortgagee of a foreclosed mortgage. In those instances, a holding over after the demand and the subsequent expiration of any Code-specified time constitutes a wrongful possession of the property by the occupant for which a recovery of the reasonable rental of the land may be had for the time that the occupier thereafter remains in such wrongful possession. The defendant contends that, no demand having been made by the plaintiff of the defendant for the possession of the land until suit was filed, the plaintiff could, at most, recover only the reasonable rental value of the land for the nine months from the time of the filing of the case to the date of the judgment. However, under the situ *148 ation that existed m this case, no demand by the plaintiff for its possession was a prerequisite to the recovery of mesne profits from the defendant for the entire period of sixty-nine months.
We affirm since the award to the plaintiff was supported by the record and by the law. The opinion on rehearing of the supreme court in Profile Cotton Mills v. Calhoun Water Co., supra, is especially applicable.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.