Rel: December 8, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

————————————————

### SC-2023-0495

————————————————

**Jeremy Smith**

**v.**

**Devilin Cameron and Andrea Graham**

**Appeal from Talladega Circuit Court**
**(CV-19-900608)**

MITCHELL, Justice.

Jeremy Smith, who purchased property at a tax sale, appeals from

a judgment entered by the Talladega Circuit Court determining that

Devilin Cameron and Andrea Graham may redeem the property. We affirm.

Facts and Procedural History

In May 2019, Smith paid $179.10 for a tax certificate to Cameron and Graham's property in Talladega County after Cameron and Graham failed to pay taxes on the property. Seven months later, Smith sued to eject Cameron and Graham, arguing that he was entitled to immediate possession of the property. Cameron and Graham responded by filing a motion asking the trial court to ascertain the amount needed to redeem the property under § 40-10-83, Ala. Code 1975. While the case was pending, Smith executed a quitclaim deed purporting to sell his interest in the property to Bryan Green. In response to that transaction, Cameron and Graham filed a motion for a restraining order, which notified the trial court of the sale.

The trial court heard evidence ore tenus from both sides on the redemption issue. On November 22, 2022, the trial court entered a judgment holding that the sale to Green was void and that Cameron and Graham were entitled to redeem the property free of any encumbrances, liens, or competing ownership interests if they paid Smith a total of

2

$676.64. In the judgment, the trial court explained that it had arrived at that amount by using the guidelines set forth in the redemption statute. See § 40-10-83. The sum included the purchase price of the property at the tax sale; the taxes that Smith had paid on the property for 2019, 2020, and 2021; the interest that had accrued at the legal interest rate; and a fee to the Talladega Probate Court, but it did not include any award of mesne profits.[1] Smith appealed.

## Standard of Review

Only questions of law are raised in this appeal. We review a trial court's ruling on questions of law de novo. See Ex parte Jarrett, 89 So. 3d 730, 732 (Ala. 2011) ("'[W]here the facts are not in dispute and we are presented with pure questions of law, this Court's standard of review is de novo.'" (quoting State v. American Tobacco Co., 772 So. 2d 417, 419 (Ala. 2000))).

## Analysis

Smith makes two arguments on appeal. First, he contends that the

---

[1]Mesne profits are "'compensation for [the] use and occupation'" of land, which is "'the fair rental value of the property during the period of tortious holding.'" Profile Cotton Mills v. Calhoun Water Co., 204 Ala. 243, 245, 85 So. 284, 285 (1920) (citation omitted).

trial court erred by not awarding him mesne profits on his ejectment claim. Second, Smith challenges the portion of the trial court's judgment invalidating the quitclaim deed. Neither argument has merit.

A. Mesne Profits

Smith argues that he is entitled to mesne profits from May 2019 -- when he purchased the property at the tax sale -- until November 2022 -- when the trial court entered the judgment granting Cameron and Graham the right to redeem the property. He does not challenge the trial court's grant of the right of redemption or its denial of his ejectment claim. Rather, Smith contends that he is entitled to recover mesne profits despite those rulings because the ejectment statute -- § 6-6-280, Ala. Code 1975 -- says that a "plaintiff may recover … mesne profits … as the plaintiff's interests in the lands entitled him to recover." § 6-6-280(b).

This Court has not previously addressed whether redemption of a property precludes an ejectment plaintiff from recovering mesne profits for the period in which the ejectment plaintiff had the right of possession. See Ex parte Milne, 308 So. 3d 914, 914 (Ala. 2020) (Parker C.J.,

4

concurring specially).[2]

But we need not decide that question today because even if the ejectment statute did permit the recovery of mesne profits in such a situation, Smith would not be entitled to them. Although he argues that the fair rental value of the property is $200 per month, he did not offer any credible evidence below to support that calculation. See, e.g., Smith v. Smith, 358 So. 3d 402, 404 (Ala. Civ. App. 2022) (noting that a tax-sale purchaser must "put on evidence regarding the claimed mesne profits" in order to recover them). At the hearing before the trial court, Smith acknowledged that he had never been to the property or even visited the neighborhood. And he conceded that his $200 per month calculation was based on "pure speculation" and that there was "no basis and fact for the amount" that he requested "other than the value of real estate rentals" in the area.

---

[2]The Court of Civil Appeals has previously addressed this issue and held that when statutory redemption terminates an ejectment plaintiff's right of possession, the ejectment plaintiff may still seek mesne profits resulting from the wrongful possession of property during the period in which the ejectment plaintiff had the right of possession. See Prescott v. Milne, 308 So. 3d 906 (Ala. Civ. App. 2019). Because we decide this case on other grounds, we express no opinion on this issue.

That guesswork falls far short of what Smith must establish to carry his evidentiary burden. "One of the fundamental rules of damages is that to be compensable they must be direct and reasonably certain, not remote and speculative." Alabama Power Co. v. Alabama Public Serv. Comm'n, 267 Ala. 474, 478, 103 So. 2d 14, 17 (1958); see also Crommelin v. Montgomery Indep. Telecasters, Inc., 280 Ala. 391, 394, 194 So. 2d 548, 551 (1967) ("[N]either the fact nor amount of damages, nor the cause of the damages, can rest solely on speculation."). Smith's testimony does not pass muster.

Other evidence in the record further undermines Smith's rental calculations. In 2014, the City of Talladega condemned the property as a public nuisance because the mobile home on the property presented an "unsafe, untenable, or dangerous condition." Moreover, Cameron and Graham testified that they did not even live on the property but merely used it to periodically cut children's hair and store "extra stuff" and their vehicles. By all accounts, the property was uninhabitable, thus undercutting Smith's assertions that he could have obtained rent payments from a tenant during the months in which he held a right to

possess the property.[3]

As a last resort, Smith tries to excuse his shortcomings by shifting the blame to the trial court for imposing what he says is too rigorous of an evidentiary standard. But requiring ejectment plaintiffs seeking mesne profits to show their work does not impose an undue burden on litigants, nor does it "gut[] the entire [ejectment] law." Smith's brief at 13. Such gross overstatements do nothing to advance the ball.

B. The Quitclaim Deed

Smith's final contention on appeal is that the trial court erred in invalidating the quitclaim deed that Smith had executed to convey the property to Green in August 2022. We need not reach the merits of this argument, however, because Smith does not cite any authority to support it. "'"'[W]here an appellant fails to cite any authority for an argument, this Court may affirm the judgment as to those issues, for it is neither this Court's duty nor its function to perform all the legal research for an appellant.'"'" Anderson v. Coleman, 368 So. 3d 383, 388 (Ala. 2022)

---

[3]A tax certificate does not vest in the purchaser title to the land but, rather, gives the purchaser a right to possession of the land, subject to the owner's statutory right to redemption. Smith v. Jackson, 277 Ala. 257, 261, 169 So. 2d 21, 26 (1964).

(citations omitted). Nor will we "'"'create legal arguments for a party based on undelineated general propositions unsupported by authority or argument.'"'" Id. (citations omitted).

<u>Conclusion</u>

Smith fails to offer any credible evidence demonstrating that he was entitled to mesne profits, and he fails to cite any authority for the argument that the quitclaim deed was valid. We therefore affirm the judgment of the trial court.

AFFIRMED.

Parker, C.J., and Shaw, Bryan, and Mendheim, JJ., concur.