### In the Matter of James O. SMITH, Debtor.

### Ernest V. HARRIS, Trustee, Plaintiff,

v.

### FORD MOTOR CREDIT COMPANY, Defendant.

#### Bankruptcy No. 80–0060.
#### Adv. No. 80–0125.

United States Bankruptcy Court, M. D. Georgia, Athens Division.

Nov. 6, 1980.

Ernest V. Harris, Athens, Ga., for plaintiff.

John S. Noell, Jr., Athens, Ga., for defendant.

### FINDINGS OF FACT

HENRY D. EVANS, Bankruptcy Judge.

On November 15, 1979 James O. Smith bought a 1980 Ford Pinto from Jefferson Motor Company. At that time a security agreement was signed by the debtor which was subsequently assigned to Ford Motor Credit Company. An application for a certificate of title (MV–1) was subsequently completed by Jefferson Motor Company showing James O. Smith as the owner of the vehicle and Ford Motor Credit, 3945 S. Milledge Avenue, Athens, Georgia 30601 as the holder of a security interest in the vehicle. The security interest was shown on the application as having been created on November 15, 1979.

There is no indication when the application for the title certificate was mailed by Jefferson Motor Company, but the stamp of the Georgia Department of Revenue, Motor Vehicle Division, shows that the application with fee was received by the Commissioner of that department on December 12, 1979.

On December 28, 1979 the application was rejected because a signature was missing from the manufacturers statement of origin. The defect was finally remedied and a certificate of title showing James O. Smith as the owner and Ford Motor Credit as the first lienholder was issued on June 17, 1980.

In the meantime, May 19, 1980, the debtor, James O. Smith filed his voluntary petition in bankruptcy. The trustee of the bankrupt's estate seeks to set aside the security interest of Ford Motor Credit Company in the Pinto, basing his argument on the fact that the interest in the vehicle was perfected after the debtor's petition was filed and so is a voidable preference pursuant to Section 547 of the Bankruptcy Code.

## CONCLUSIONS OF LAW

 Under Georgia law, perfection of a security interest in a motor vehicle by other than a dealer or manufacturer is accomplished pursuant to Ga.Code Ann. § 68–421a(b). The requirements of that section are as follows:

"A security interest is perfected by delivery to the commissioner of the existing certificate of title [MV–1] containing the name and address of the holder of a security interest, the date of his security interest, and the required fee. It is perfected as of the time of its creation if the delivery is completed within 10 days thereafter; otherwise, as of the date of the delivery to the commissioner. When the security interest is perfected as provided in this subsection (b), it shall constitute notice to everybody of the security of the holder.

Since the car involved was new, there was no existing certificate of title to be sent, and the application was delivered more than 10 days after the creation of the security interest. The application before the Court shows the necessary elements, i. e., the name and address of the holder of the security interest, the date of the creation of the interest and the $1.00 fee. Therefore, the interest of Ford Motor Credit Company was perfected on December 12, 1979 and was sufficient notice to all at that time.

Section 547 of the Bankruptcy Code requiring a transfer within 90 days of the date of the filing of the petition in bankruptcy and the perfection of the security interest of Ford Motor Credit Company falling without that period, the interest of the defendant is clearly valid and takes precedence over the trustee in bankruptcy.