In re James O. SMITH, Debtor.

Ernest V. HARRIS, Trustee, Appellee,

v.

FORD MOTOR CREDIT COMPANY, Appellant.

Civ. A. No. 80–99–ATH.

United States District Court, M. D. Georgia, Athens Division.

April 28, 1981.

---

Ernest V. Harris, Athens, Ga., for appellee.

John S. Noell, Jr., Athens, Ga., for appellant.

OWENS, District Judge:

This case comes before the court on appeal by Ernest V. Harris, trustee, plaintiff of an order of the Bankruptcy Court, 7 B.R. 574 (Bkrtcy.) that defendant Ford Motor Credit Company is the first lienholder and holder of a perfected security interest in one 1980 Ford Pinto, and as such has priority over trustee with regard to said vehicle. The issue on appeal is whether there was a preferential transfer between Ford Motor Credit Company and the debtor James O. Smith which can be voided by the trustee under section 547(b) of the Bankruptcy Code (11 U.S.C.A. § 547(b) (1979)).

On November 15, 1979, James O. Smith, debtor-appellant, purchased a 1980 Ford Pinto from Jefferson Motor Company. At the time of purchase a contract and security agreement was signed by the debtor which was assigned from Jefferson Motor to Ford Motor Credit Company, appellee. An application for a certificate of title (MV–1) was subsequently completed by Jefferson Motor showing James O. Smith as owner and Ford Motor Credit, 3945 S. Millege Avenue, Athens, Georgia 30601 as the first security holder. There is some uncertainty as to when the application for the title certificate was mailed by Jefferson Motor Company; however the application with fee (Plaintiff's Exhibit 1, in record) was marked as *received* by the Commissioner of the Georgia Department of Revenue, Motor Vehicle Division, on December 12, 1979. On December 28, 1979, the application was rejected because of a missing signature on the manufacturer's statement of origin. This defect was remedied, and a certificate of title was issued on June 17, 1980, showing Ford

Motor Credit as the first lienholder. In the meantime (May 19, 1980) the debtor had filed his voluntary petition in bankruptcy. The trustee for the debtor sought to set aside the security interest of Ford Motor Credit Company in the Pinto, alleging that the transfer to Ford by the debtor occurred within 90 days of the filing of the petition for relief, was for an antecedent debt and was therefore a preferential transfer under § 547 of the Bankruptcy Code. The Bankruptcy Court found that the security interest was perfected in accordance with Ga. Code Ann. § 68–421a(b) (1980) on December 12, 1979, and consequently was not a transfer within 90 days of the date of the filing of the petition in bankruptcy. As a result it found the defendant's security interest to take precedence over that of the trustee in bankruptcy.

On appeal the parties' briefs list and discuss six criteria set forth in section 547(b) which must be met before a transaction between a debtor and creditor can be avoided by the trustee. It is only necessary to consider the first criterion discussed by the parties, i. e., time when the transfer was made. The appellant contends that the transfer was made only when a properly completed application for certificate of title was received by the Department of Revenue (between May 2, 1980, and June 17, 1980) and therefore was made within 90 days of the date of the filing of the petition in bankruptcy as required by section 547. The appellee argues that the transfer was made not later than December 12, 1979, the date the original application for certificate of title was received by the Department of Revenue.

According to section 547(b)(4)(A) a trustee may avoid any transfer of property of the debtor "made on or within 90 days before the date of the filing of the petition ...." (11 U.S.C.A. § 547(b)(4)(A) (1979)). Section 547(e)(2) states that a transfer is *made*:

"(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or

(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—(i) the commencement of the case; and (ii) 10 days after such transfer takes effect between the transferor and the transferee." (11 U.S.C.A. § 547(e)(2) (1979).

As this section indicates, determining when a transfer was made requires a preliminary determination of when the transfer was *perfected.* To answer this question, the court must turn to Ga.Code Ann. § 68–421a(b) which states:

"(b) A security interest is perfected by delivery to the commissioner of the existing certificate of title, if any, and an application for a certificate of title containing the name and address of the holder of a security interest, the date of his security interest and the required fee. It is perfected as of the time of its creation if the delivery is completed within 10 days thereafter; otherwise, as of the date of the delivery to the commissioner. When the security interest is perfected as provided in this subsection (b), it shall constitute notice to everybody of the security interest of the holder."

A reading of this and other relevant sections in Chapter 68–4A (Motor Vehicle Certificate of Title Act) indicates that appellant has confused two *distinct* sets of requirements: (1) requirements to be met in order for a certificate of title to be issued by the commissioner, and (2) requirements to be met in order to perfect a security interest in a vehicle.

For purposes of this case (where the vehicle is new and there is no existing certificate of title and where the application was not delivered within 10 days of the creation of the security interest) the security interest is perfected as soon as the commissioner receives an application containing three things: (1) the name and address of the holder of the security interest, (2) the date of his security interest, and (3) the required fee. If these three requirements

are not met, then the security interest is *not* perfected and, *in addition*, a certificate of title will not be issued. However, if these three requirements are met the security interest *is* perfected and yet the commissioner may still refuse to issue a certificate of title because the applicant has not complied with the § 68–408a and § 68–413a requirements. In short, the requirements to be met for issuance of a certificate of title are more stringent than those required to perfect a security interest and therefore an application may have enough information for the applicant to have a security interest perfected and yet not enough information for him to receive a certificate of title. In the present case, all of the requirements of Ga.Code Ann. § 68–421a(b) were met and consequently appellee's security interest was perfected on December 12, 1979. Because it was perfected more than ten (10) days after the transfer took effect, § 547(e)(2)(B) of the Bankruptcy Code applies as to when the transfer was *made*. According to this section the transfer was made on December 12, 1979, and because this is clearly outside of the 90-day period prior to the filing of the petition, the trustee may not avoid the transfer.

The cases cited by appellant are factually and legally distinguishable from the present case. They do not require that a completely correct application for certificate of title must be received by the commissioner before a security interest in a vehicle is perfected and they do not support the appellant's contention that the memorandum decision and order of the Bankruptcy Court is contrary to law.

Accordingly, the decision of the Bankruptcy Court is AFFIRMED.