OPINION
BEEZER, Circuit Judge:
This appeal raises the question of whether recordation by the transferees of a grant deed to real property within 90 days of the Chapter YII petition filing by the debtors-transferors resulted in a preferential transfer under 11 U.S.C. § 547. The bankruptcy court ruled that, as the sale agreement was concluded prior to the 90 day period, recordation of the deed within that period was not on account of an antecedent debt. The district court affirmed that ruling. We affirm on the different ground that recordation of the deed did not constitute a transfer within the 90 period because the transferees had previously perfected the transfer by taking possession of the real property.
BACKGROUND
On November 28, 1980, John J. Gulino, Jr. and Patricia Anne Gulino (“transferees”), husband and wife, entered into a real property purchase agreement with his parents, John J. Gulino, Sr. and Patricia A. Gulino (“debtors”), for the purchase of the parents’ house. Both the parents (“debtors”), and the son and daughter-in-law (“transferees”) have exactly the same names. The transferees paid $20,000 and agreed to assume encumbrance obligations approximately equal to the balance of the fair market value of the debtors’ real property.
The debtors moved out of the house and the transferees took up residence there. No deed was recorded at that time.
On April 13, 1982, more than sixteen months after the sale agreement was concluded, a grant deed was recorded. Seventeen days later, on April 30, 1982, the debtors filed a bankruptcy petition under Chapter VII.
William B. Grover (“trustee”), as trustee in bankruptcy, filed an action to set aside the transfer as an avoidable preference under 11 U.S.C. § 547. Bankruptcy Judge Conley S. Brown denied the set-aside, stating that he “failed to find any evidence of an antecedent debt.” District Judge Stanley A. Weigel affirmed that bankruptcy court decision. The trustee appeals.
ANALYSIS
Section 547 of the Bankruptcy Code grants the right to the trustee of the bankrupt estate to avoid “preferential” transfers by the debtor to creditors within a certain period of time prior to the filing of the petition in bankruptcy. 11 U.S.C. § 547 (1982 & Supp. II 1984). This avoidance of transfers as “preferential” serves two purposes. First, it requires the debtor to treat equally-situated creditors equally and not *549 favor any one creditor by preferential payments during a statutory 90 day period prior to the petition. J. White & R. Summers, Uniform Commercial Code § 24-4, at 999 (2d ed. 1980). Second, it discourages “secret liens” upon the debtor’s collateral which are not perfected until just before the debtor files for bankruptcy, as other creditors might extend credit on the assumption the collateral was free and clear. Id.; In re Arnett, 731 F.2d 358, 363 (6th Cir.1984).
For a trustee to establish an avoidable preferential transfer, he must prove seven basic criteria set out in section 547(b): (1) a transfer (2) of the debtor’s property (3) to or for the benefit of a creditor (4) for or on account of an antecedent debt (5) made while the debtor was insolvent[1] (6) within 90 days before the original filing of the petition (7) which enables the creditor to receive more than he would receive under a Chapter VII liquidation.
In this case, the dispute centers around two elements: whether the effective transfer of the real property interest was delayed until recordation of the deed within 90 days prior to the petition, and whether that transfer was for or on account of an antecedent debt. However, as discussed below, if a transfer is effectively delayed, the existence of an antecedent debt naturally follows.

A. Perfection of the Transfer

The natural starting place for our analysis is to address the first factor under section 547(b), i.e., determining whether the transfer was delayed until a date falling within the 90 day period prior to the filing of the petition. The bankruptcy court failed to make any ruling on this issue, passing prematurely to the secondary issue of whether the transfer had been for or on account of an antecedent debt.
The facts underlying this transaction are not disputed. The only issue before the court is the legal significance of the rec-ordation of the deed within 90 days of the petition and after a lapse of sixteen months since the sale had been concluded and the transferees had taken possession. The question is whether the transfer occurred within that crucial 90 day period.
Under section 547(e)(2), a transfer is deemed made—
(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time; [or]
(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days....
Thus, if a transfer is perfected within ten days, the date of the transfer relates back to the time the transfer takes effect between the parties to it. If the transfer is not perfected within ten days, the date of perfection is the date of the transfer. In re Martella, 22 B.R. 649, 651 (Bankr.D.Colo.1982); see In re Wadsworth Building Components, Inc., 711 F.2d 122, 123 (9th Cir.1983) (under section 547(e)(2)(A), if a transfer is in the form of a check and the check is not honored [i.e., perfected] within ten days of its execution, then the transfer is made when the check is honored by the drawee bank). Consequently, establishing the date on which a transfer was made requires a preliminary determination of when the transfer was perfected. In re Smith, 10 B.R. 883, 885 (M.D.Ga.1981).
Section 547(e)(1)(A) governs perfection of a transfer of an interest in real property:
[A] transfer of real property ... including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee....
Although the interest in the Guli-no house was effectively conveyed as be *550 tween the debtors and the transferees, a “transfer” for the purpose of section 547 was not established until the interest had been perfected. Perfection is judged by whether a subsequent bona fide purchaser from the debtors could have taken priority over the transferees’ title. Determining what is necessary to perfect a transfer of an interest in real property depends entirely on state law. 4 Collier on Bankruptcy § 547.48, at 547-150 (15th ed. 1985); see Harbor National Bank of Boston v. Sid Kumins, Inc., 696 F.2d 9, 11-12 (1st Cir.1982).
The trustee argues that the transfer was not effective in this case until the deed was recorded seventeen days before the petition was filed. Until that time, the trustee contends, a subsequent bona fide purchaser of the property from the debtors could have recorded his deed first and obtained superior title to the transferees. Thus, the trustee concludes, the transfer constitutes an avoidable preference. See Bridgewater v. Schaefer, 164 F.2d 447, 448-49 (5th Cir.1947) (under predecessor statute to section 547, conveyance of real property by debtor to transferee several years earlier was still an avoidable preference where the transfer was not perfected by recordation of the deed until after the adjudication of bankruptcy).
Under California law, a bona fide purchaser must have purchased in good faith and for valuable consideration and must have no knowledge or notice of prior rights. Hansen v. G & G Trucking Co., 236 Cal.App.2d 481, 498, 46 Cal.Rptr. 186, 197 (1965). However, possession of real property constitutes constructive notice to any prospective purchaser of all the rights and claims of the person in possession which would be disclosed by inquiry. Claremont Terrace Homeowner’s Association v. United States, 146 Cal.App.3d 398, 408, 194 Cal.Rptr. 216, 222 (1983); Hansen, 236 Cal.App.2d at 498-99, 46 Cal.Rptr. at 197. See generally, 3 Witkin, Summary of California Law, “Real Property,” § 157, at 1896-97 (8th ed. 1973).
The transferees, by taking immediate possession of the real property as their residence, gave constructive notice to any subsequent purchaser from the debtors of their prior title. Any inquiry of the transferees by an intending purchaser would indisputably have resulted in actual notice of their ownership interest in the real property. Their occupation of the house as their residence was possession which was “open, notorious, exclusive and visible, and not consistent with the record title.”[2] Claremont Terrace Homeowner’s Association, 146 Cal.App.3d at 408, 194 Cal.Rptr. at 222.
In oral argument, the trustee contended that possession cannot constitute adequate perfection of a transfer of an interest in real property so as to prevent the trustee from avoiding the transfer. He argues that possession, by providing constructive notice of the possessor’s prior title, has the limited effect under California law of preventing any subsequent purchaser from attaining bona fide status. But he claims that section 547(e)(1)(A) already grants bona fide purchaser status to the trustee, by providing that a transfer of real property is perfected “when a bona fide purchaser ... cannot acquire an interest that is superior to the interest of the transferee.”[3] *551 He concludes that this section thereby makes actual or constructive notice to the trustee irrelevant in determining whether a transfer is a preference.
The trustee’s argument cannot be sustained. It would lead to the astonishing conclusion that the trustee is to be granted rights that are not available to any actual subsequent purchaser in California. See McCannon v. Marston, 679 F.2d 13, 16 (3d Cir.1982) (rejecting such a conclusion in construing section 544, which grants defined rights and powers of a hypothetical bona fide purchaser to the trustee).
First, although section 547(e)(1)(A) provides for a “bona fide purchaser” test, the trustee is not thereby granted the status of a bona fide purchaser. 4 Collier on Bankruptcy § 547.47, at 547-148. Although the section has the effect of making the trustee’s actual knowledge of the transfer irrelevant, it was not intended to provide the trustee immunity from constructive notice which state law imputes to everyone by virtue of recordation or some other act, such as possession. As one commentary states it, “the language of the provision itself merely establishes a test, or a standard, by which to judge whether the transfer has been completely perfected, and does not purport to give the trustee any rights or status not elsewhere conferred.” Id. at 547-149; see In re Cox, 132 F.2d 881, 883 (7th Cir.1943) (construing predecessor statute to section 547).
Second, the central question before us is not whether the trustee is to be regarded as a bona fide purchaser, but rather whether the transfer of a real property interest was perfected by possession. The transferees by taking possession had done all that was necessary under California law to protect against the claims of future purchasers. In this case, actual and open possession had the same effect as recordation of a deed. See 4 Collier on Bankruptcy § 547.48, at 547-151.
Accordingly, the transferees perfected their interest in the real property through continuous possession. See Cohen v. East Netherland Holding Co., 258 F.2d 14, 17 (2d Cir.1958) (in construing predecessor statute to section 547, court held continuous possession of real property in New York perfected transfer); McCannon, 679 F.2d at 16-17 (under section 544(a)(3), granting trustee “rights and powers of” a hypothetical bona fide purchaser, trustee was barred by constructive notice where claimant was in possession of real property).
As that possession followed immediately upon the purchase of the property and the giving of consideration, the transfer was effective at the time of the sale — more than seventeen months before the filing of the petition in bankruptcy. As the transfer was effective prior to the statutory 90 day period, it did not constitute an avoidable preference.

B. Antecedent Debt

Although the bankruptcy court correctly concluded that a preferential transfer was not established, that ruling cannot be sustained on the stated ground that there was no evidence of an antecedent debt. The bankruptcy court’s apparent finding that the transfer had been fully accomplished as between the parties at the earlier time of the sale and giving of consideration is not dispositive on this issue. If a transfer must be perfected to be effective under section 547, and perfection is delayed, it follows that the delayed transfer was on account of an antecedent debt.
A transferee, by making a payment under a contract to purchase a property *552 interest, obtains a claim against the trans-feror and thus becomes a creditor under the Bankruptcy Code. See 4 Collier on Bankruptcy § 547.18, at 547-76; 11 U.S.C. § 101(9) (defining “creditor” as “entity that has a claim against the debtor”). By definition, that claim or debt is “antecedent” if the transfer is effectively delayed beyond an inconsequential period. If a transfer made for contemporaneous consideration is not perfected at once or within the statutory grace period of ten days, § 547(e)(2), that “debt, which is effective when actually made, will be made antecedent to the delayed effective date of the transfer and therefore will be made a preferential transfer in law, although in fact made concurrently with the advance of money.” Corn Exchange Bank & Trust Co. v. Klauder, 318 U.S. 434, 437, 63 S.Ct. 679, 681, 87 L.Ed. 884 (1943) (interpreting predecessor statute to section 547); 4 Collier on Bankruptcy § 547.20, at 547-46 (15th ed. 1985). See also 4 Collier on Bankruptcy § 547.48, at 547-151 (same rule on antecedent debt applies to delayed transfers of interests in real property).
Accordingly, if the transfer of the real property interest from the debtors to the transferees in this case had been effectively delayed until the recordation of the deed, the delayed transfer within the crucial 90 day period would have been on account of an antecedent debt. The transfer would have been an avoidable preference.
However, we can affirm the judgment below on any basis fairly supported by the record. City of Las Vegas v. Clark County, 755 F.2d 697, 701 (9th Cir.1985). Because the transfer was perfected within the statutory ten day grace period through open possession as a residence, the transfer was effective at the time of the sale, and was not an avoidable preference.
Having concluded that the transfer occurred outside of the 90 day period prior to the bankruptcy petition, it is unnecessary to reach the issue of whether the transfer would have been subject to an exception under section 547(c) protecting it from the trustee’s avoidance powers.
Appellees’ request for sanctions is denied. Each party shall bear its own costs on this appeal.
AFFIRMED.

. Section 547(f) establishes a rebuttable presumption that the debtor is insolvent during the entire 90 days prior to the filing of the petition.

. It might be argued that, because the transferees have exactly the same name as the debtors-transferors, the transferees’ possession of the real property was not inconsistent with the record title, which was in that same name. However, any intending purchaser from the debtors, who performed the duty of investigating the property, would certainly realize that the possessors were not the same individuals as the debtors. This is sufficient to give rise to constructive notice through inquiry of the possessors.

. In essence, the trustee would rephrase the issue before us as whether possession by the transferees would be sufficient to obtain priority of title over a subsequent bona fide purchaser. Such a question would be nonsensical under California law — the existence of a bona fide purchaser is simply impossible under such circumstances. As possession, through constructive notice, prevents any subsequent purchaser from attaining bona fide status, California courts would never be called upon to determine priority between a possessor with prior title and a subsequent bona fide purchaser.
*551 it should also be noted that recordation of a deed constitutes constructive notice in California. Cal.Civ.Code § 1213; City of Anaheim v. Metropolitan Water Dist., 82 Cal.App.3d 763, 771, 147 Cal.Rptr. 336, 341 (1978). Thus rec-ordation also prevents any subsequent purchaser from attaining bona fide status. Yet it is beyond contention that recordation is sufficient perfection under the bankruptcy preference rules. See McCannon v. Marston, 679 F.2d 13, 16 & n. 2 (3d Cir.1982) (argument that section 544(a)(3) grants trustee powers of a bona fide purchaser regardless of constructive notice would apparently allow a trustee to avoid even the interests of those who had given proper record notice).